## DAVIS v CIVIL SERVICE COMMISSION

Docket No. 82660. Submitted November 19, 1985, at Detroit,—Decided February 3, 1986.

Petitioner, Fannie Kate Davis, was laid off by the Department of Mental Health following a reorganization within the department. She subsequently applied for a position with the department but was not selected. Petitioner filed a grievance with the Civil Service Commission alleging that the department violated Civil Service Commission rules when the department hired another applicant instead of her. A hearing officer found a violation as petitioner alleged. The Employment Relations Board reversed the decision of the hearing officer. The board's decision was affirmed by the Wayne Circuit Court, Irwin H. Burdick, J. Petitioner appealed. *Held:*

1. The proper scope of judicial review of a decision of the Civil Service commission is the determination of whether the commission's decision is authorized by law, and in a case in which a hearing is required, whether the same is supported by competent, material and substantial evidence on the whole record.

2. The decision by the Department of Mental Health to maintain an employment preference system on an individual facility basis, rather than department-wide, was not arbitrary and was authorized by the Civil Service Commission rules.

3. The decision of the Civil Service Employment Relations Board approving the use of the Department of Mental Health's preference system was authorized by law and was supported by competent, material and substantial evidence which a reasonable mind would accept as adequate support for the decision. A preponderance of the evidence is not required.

Affirmed.

1. Civil Service — Appeal — Constitutional Law.

The proper scope of judicial review of a decision of the Civil

REFERENCES

Am Jur 2d, Administrative Law §§ 610 *et seq.*

Am Jur 2d, Civil Service § 81.

See the annotations in the ALR3d/4th Quick Index under Administrative Law; Civil Service.

Service Commission is the determination of whether the commission's decision is authorized by law and, in cases in which a hearing is required, whether it is supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. CIVIL SERVICE — APPEAL.

A decision of the Civil Service Commission should be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision; a preponderance of the evidence supporting the decision is not required.

*Laura J. Campbell,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *Todd H. Cohan,* Assistants Attorney General, for respondents.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

R. B. BURNS, J. Petitioner appeals from a Wayne County Circuit Court order affirming a decision of the Civil Service Commission which denied petitioner's grievance petition against the Department of Mental Health (DMH).

Petitioner was employed by the DMH at Northville Regional Psychiatric Hospital as a Training Administrator, Level 14. In October, 1980, the DMH decided to regionalize its training resources. Accordingly, all facility positions were abolished and plaintiff was laid off.

Simultaneously, the DMH created regional training positions, including a Metro-Detroit (central office) Training Administrator, Level 14, position. To fill the position, the hiring officer referred to civil service layoff lists. She first looked to the central office layoff list (also referred to as the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

facility layoff list), however there were no Level 14 names on that list, petitioner being on the facility layoff list for Northville Hospital). She then looked to a state-wide civil service layoff list, which contains the names of all members of the classified service on layoff status, regardless of department. Petitioner was the only Level 14 Training Administrator on the state-wide list.

The rules for hiring differ between the two lists. The facility list is subject to the "Rule of One". Under the Rule of One, the hiring officer is required to appoint the highest ranking qualified employee on the list. However, the state-wide list is subject to the "Rule of Three". Under the Rule of Three, the hiring officer is required to select from the top three names on the state-wide list. If there are less than three employees on the list who are qualified for that position, the hiring officer may supplement the list by adding names from the promotional list.

In this case, since petitioner was the only Level 14 employee on the state-wide list who was qualified for the position, the hiring officer supplemented the list with the names of two Level 13 employees from the promotional list. Ultimately, the hiring officer hired Carole Goodrich, a Level 13 employee from the promotional list.

Petitioner filed a grievance with the commission alleging, *inter alia,* that the method of hiring Ms. Goodrich over petitioner violated commission rules regarding employment preference lists. Petitioner argued that the use of facility layoff lists did not satisfy the requirement that each department within the civil service maintain a department-wide layoff list. That is, petitioner's position is that the DMH should have maintained a department-wide list rather than individual facility lists. Had

there been a department-wide layoff list, it would have been subject to the Rule of One. Since petitioner would have been the only qualified employee on a department-wide list, she would have been hired.

The hearing officer disagreed with the DMH's contention that civil service rules allowed the maintaining of facility or institution lists rather than a department-wide list and ruled in petitioner's favor. The Employment Relations Board reversed the decision of the hearing officer, holding that the civil service rules allow employment preference lists to be maintained on an organizational or geographic basis rather than on a department-wide basis. The board's decision was affirmed by the Wayne County Circuit Court and petitioner now appeals to this Court. We also affirm.

Review of this decision is provided for in Const 1963, art 6, § 28, which provides in pertinent part:

"This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

This standard applies to review of Civil Service Commission decisions. Under this standard, the commission's action must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision. A preponderance of the evidence is not required. *Iams v Civil Service Comm,* 142 Mich App 682; 369 NW2d 883 (1985).

The following pertinent rules were in effect in

1980 when petitioner was laid off from the Department of Mental Health:[1]

"21.1 Application.—Employment preference shall be applied within each principal department to provide an orderly system for the handling of layoffs and demotions, as provided in a collective bargaining agreement which has been ratified by the commission or, in the absence of bargaining agreement provisions, in accordance with this section.

\* \* \*

"21.6 Departmental Employment Preference Plans.— Each principal department shall submit a plan of employment preference based on the organizational or geographical distribution of its employees, for approval by the state personnel director.

\* \* \*

"22.3 Departmental Layoff List.—The state personnel director shall place on a departmental layoff list for a given class or classes the names of employees having status in the class who have been laid off or demoted because of lack of work, lack of funds or as a result of state agency reorganization. Ranking on such list shall be made in accordance with Section 21 governing employment preference.

\* \* \*

"22.7 Division of Employment Lists.—When the state personnel director deems it to be in the best interest of the service, examinations may be held in a specified district of the state or for a specified institution or other organization unit. The director may divide an employment list by districts, organization units, or occupational specialties.

\* \* \*

"23.2a Order of Use.—Certification shall be made first from the department layoff list; next from the statewide layoff list; next, from the promotional list. When names are not available from these lists, the open competitive list shall be used \* \* \*."

---

[1] The corresponding sections in the current rules, which were modified in 1981, are §§ 2-19, 3-3, and 3-4.

"Principal Department" is defined as one of the 20 executive branch departments provided for by the constitution and includes the Department of Mental Health. MCL 16.104; MSA 3.29(4).

As the board noted in its decision, on April 8, 1976, the DMH's personnel director wrote to the state personnel director requesting approval of DMH employment preference on the basis of organizational units as a means of reflecting the practice of applying preference within each facility's appointing authority. Approval was received on May 7, 1976, pursuant to Rule 21.6. The state personnel director stated:

"The following factors were noted in approving your plan:

"1. Each facility (agency, institution) has and continues to have the authority to appoint its own staff.

"2. Promotional employment lists are established and maintained separately for each institution.

"3. When reductions or discontinuances of entire facilities have occurred in the past, the Department of Mental Health has aggressively attempted to place employees who were able to relocate, into other facilities.

"It is our understanding that under your plan, the Department of Mental Health central office will be considered one organizational unit, and each facility having an appointing authority will be considered a separate organizational unit, and employment preference will be applied when necessary only within each such organizational unit."

After examinging these rules, we conclude that the decision of the DMH to maintain an employment preference system on an individual facility basis, rather than department-wide, was not arbitrary and was authorized by the commission rules. The decision of the Employment Relations Board approving the use of DMH's employment prefer-

ence system was authorized by law and is supported by such evidence as reasonable minds would accept as adequate to support the decision.

Thus, in making its hiring decision, the DMH could properly look first to the central office facility list and, finding no one on that list, move to the state-wide list without having to first consult a department-wide list. Since the hiring officer properly applied the Rule of Three to the state-wide list, petitioner's rights under the civil service system were not violated.

Affirmed. No costs, a question of public importance being involved.