## MILWAUKEE DISTRICT COUNCIL 48, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, and its Affiliated Local 594, Plaintiffs-Respondents,

v.

## MILWAUKEE COUNTY, Defendant-Appellant.

Court of Appeals

*No. 85–1947. Submitted on briefs April 8, 1986.—Decided April 25. 1986.*

(Also reported in 388 N.W.2d 630.)

For the plaintiffs-respondents the cause was submitted on the briefs of *Podell, Ugent & Cross, S.C.*, by *Nola J. Hitchcock Cross*, of Milwaukee.

For the defendant-appellant the cause was submitted on the briefs of Milwaukee County Corporation Counsel, *George E. Rice*, Corporation Counsel, by *Robert A. McKnight*, Principal Assistant Corporation Counsel, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan JJ.

MOSER, P.J.  Milwaukee County (the County) appeals an order vacating an arbitration award in its favor and remanding the case to the arbitrator for a determination on the merits of the award. Because the arbitrator correctly determined that he had no jurisdiction to arbitrate the issue of job reclassification under the collective bargaining agreement, we reverse the trial court's decision and remand it to the court to reinstate the arbitrator's award.

The County employs two classifications of probation officers at its Children's Court Center, probation officers and children's probation officers. Jobs under the latter classification pay more and entail greater job

responsibilities. After 1974, due to the abolition of screening cases, six probation officers began to handle the same kinds of complex cases as the children's probation officers did. These probation officers filed a grievance in 1983, claiming backpay equal to that of children's probation officers for their increased job responsibilities and proper assignment to their old, less complex, duties.

In 1985, the grievance came before an arbitrator who ruled that he had no jurisdiction to hear the dispute because the parties were essentially arguing over whether the six probation officers should be reclassified as children's probation officers. Pointing to the collective bargaining agreement between the County and the union, Milwaukee District Council 48, American Federation of State, County & Municipal Employees (Council 48), the arbitrator ruled that the agreement provided that classification disputes were not arbitrable.

Council 48 moved the trial court to vacate the arbitrator's decision. In reversing the arbitrator, the court held that the grievance was arbitrable because it concerned the "application of existing classifications and wage schedules," not reclassification. It therefore held that the arbitrator's decision was a perverse misconstruction of the contract. The County appeals.

The County initially argues that the collective bargaining agreement precluded circuit court review of the arbitrator's decision. It points to sec. 4.05(6) of the agreement, which states that the decision of the arbitrator shall be binding on both parties. From this statement the County concludes that the issue of arbitrability as decided by the arbitrator was binding on both parties and was exempt from the court's review.

Second, the County argues that even if the arbitrability issue was properly reviewable by the trial court, the arbitrator correctly determined that the grievance was not arbitrable under the contract. We hold that neither the parties nor the trial court are bound by the arbitrator's decision on arbitrability, that the specific provisions of the agreement explicitly exclude this grievance from arbitration, and that no perverse misconstruction occurred.

Where the parties do not submit the issue of arbitrability to the arbitrator for a final and binding decision, the trial court must interpret the contract to determine whether the dispute is arbitrable and whether the arbitrator has jurisdiction.[1] When the court determines arbitrability it must exercise great caution.[2] The court's function is limited to determining whether there is a construction of the arbitrability clause that would cover the grievance on its face and whether any other provision of the contract specifically excludes it.[3] The question of arbitrability—whether the parties agree to submit an issue to arbitration—is a question of law for the court to decide.[4] We give no deference to the trial court on questions of law.[5] We must, however, give due consideration to the arbitrator's inter-

---

[1] *Joint School Dist. No. 10 v. Jefferson Educ. Ass'n,* 78 Wis. 2d 94, 101, 253 N.W.2d 536, 540 (1977). *Accord, AT&T Technologies, Inc. v. Communications Workers of Am.,* 106 S.Ct. 1415, 1418 (1986).

[2] *Joint School Dist., supra* note 1, at 111, 253 N.W.2d at 545.

[3] *Id.*

[4] *Id.* at 101, 253 N.W.2d at 540.

[5] *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

pretation of the contract and decision on arbitrability.[6]

In determining that the probation officers' grievance was nonarbitrable, the arbitrator based his decision on secs. 3.14(1) and 4.02(1) of the collective bargaining agreement. Section 3.14(1) states in part:

> When, in the judgment of the Union, a position or group of positions in the bargaining unit are improperly classified because of changes in the duties or responsibilities [of the position(s)], *the Union shall submit its recommendations for reclassification in writing to the County Board* with copies to the Director of Personnel. [Emphasis added.]

Section 4.02(1) of the agreement, dealing with grievance procedures, notes the following exception: "The grievance procedure shall not be used to change *existing wage schedules,* hours of work, working conditions, fringe benefits and *position classifications* established by ordinances and rules which are matters processed under other existing procedures." (Emphasis added). The arbitrator also considered whether the six probation officers were entitled to the higher pay of children's probation officers by virtue of a "temporary assignment" under sec. 2.11 of the agreement, which reads:

> (1)  Employes may be assigned to perform the duties of a higher classification for which they are qualified. When so assigned, the employe shall be paid as though promoted to the higher classification for all hours credited while in such assignment, provided that:

---

[6] *Joint School Dist., supra* note 1, at 106–07 n.10, 253 N.W.2d at 542–43 n.10.

(a) Such assignment is made in writing on the Temporary Assignment Form; provided, however, that the omission of such written assignment shall not bar a grievance [sic] requesting pay for work in the higher classification.

(b) Such employe works in the higher classification for not less than 3 consecutive scheduled working days. Paid time off shall not be included in the computation of the 3 consecutive scheduled working days but said days shall not be interrupted thereby, and

(c) Such employe performs the normal duties and assumes the responsibilities of the incumbent of that position during that period.

(2) Employes who accrue compensatory time while on temporary assignment shall liquidate such time at the rate of pay of the classification to which assigned at the time of liquidation.

The arbitrator first determined that the use of the word "shall" in the sentence of sec. 3.14(1) that reads, "the Union *shall* submit its recommendations for reclassification in writing to the County Board" (emphasis added), indicated the parties' intent to preclude the payment of backpay for a reclassification. He then distinguished between reclassification and out-of-class pay (temporary assignment).

Temporary assignment under sec. 2.11, the arbitrator stated, "contemplates that an employee is placed in the higher classification with the expectation that he/she will be returned to his/her former position in the lower classification." On the other hand, in a reclassification situation under sec. 3.14(1), "the duties and

562

responsibilities of the position should have evolved to the point where there is no expectation of returning the employee to a former position" because "[t]he evolution of the duties has resulted in the elimination of" the employee's former position.

Thus, the arbitrator concluded that by the time he heard the grievance, the grievants' job had evolved to the point where their former position of probation officer no longer existed and they had no expectation that they would return to their former position. Because the probation officers actually sought a reclassification, the arbitrator determined that their grievance was not arbitrable under sec. 4.02(1) of the collective bargaining agreement.

We conclude that the arbitrator correctly interpreted the contract in determining that the grievance was not arbitrable. The foregoing discussion indicates that the arbitrator's decision was squarely within the language of the agreement. We hold that the trial court erred as a matter of law in ruling that the grievance was arbitrable under sec. 2.11 of the agreement.

Upon the foregoing reasons, we reverse and remand this case to the trial court to reinstate the arbitrator's decision.

*By the Court.*—Order reversed and cause remanded.