GRANT v MICHIGAN OSTEOPATHIC MEDICAL CENTER, INC

Docket No. 104821. Submitted May 10, 1988, at Detroit. Decided August 12, 1988.

In an action brought by Deborah Grant, Vivian Dew and several others in Wayne Circuit Court against Michigan Osteopathic Medical Center, Inc., and Michigan Health Care Corporation, Dew (hereafter plaintiff) alleged breach of employment contract, age discrimination in violation of the Civil Rights Act and negligent evaluation of job performance. Defendants had terminated Dew's employment when she failed to comply with a requirement imposed by defendants on all its respiratory therapists that they obtain certification as respiratory therapists. The trial court, William J. Giovan, J., granted summary disposition in favor of defendants on plaintiff's age discrimination and negligence claims. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff failed to establish a prima facie case of age discrimination. Even if she had, summary disposition would still be proper since she failed to rebut defendants' proffered legitimate, nondiscriminatory reasons for their action.

2. Plaintiff's purported negligence claim does not state a distinct and separate cause of action from her breach of contract claim.

Affirmed.

1. CIVIL RIGHTS — DISCRIMINATION — SUMMARY DISPOSITION.

A prima facie showing of discrimination under the Civil Rights Act will not preclude a grant of summary disposition in favor of the defendant where the plaintiff fails to rebut a legitimate, nondiscriminatory reason proffered by the defendant for his action.

2. LABOR RELATIONS — COLLECTIVE BARGAINING AGREEMENTS — EMPLOYEE EVALUATIONS.

A claim for the negligent performance of an employee evaluation,

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1793-1795.

Am Jur 2d, Summary Judgment §§ 15-17.

See the Index to Annotations under Discrimination; Labor and Employment.

which evaluation is required under a collective bargaining agreement, does not state a tort cause of action separate and distinct from a claim under the contract.

*Ellen E. Mason,* and *John L. Christensen,* for Vivian Dew.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Timothy H. Howlett, Jon R. Steiger* and *Danna Kozerski*), for defendants.

Before: McDONALD, P.J., and KELLY and W. F. LaVOY,* JJ.

PER CURIAM. Vivian Dew (hereafter plaintiff), along with five other individuals, brought suit against Michigan Osteopathic Medical Center (MOMC), a Michigan corporation, and Michigan Health Care Corporation, a Michigan corporation, jointly and severally, on April 11, 1985. Plaintiff's three-count complaint alleged breach of employment contract, age discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, and negligence, specifically failure to properly evaluate plaintiff's job performance and failure to supervise the personnel who evaluated plaintiff. On August 12, 1987, defendants renewed their motion for summary disposition against plaintiff Dew only. On November 2, 1987, Wayne Circuit Judge William J. Giovan granted defendants' motion on the age discrimination and negligence claims. Plaintiff appeals as of right. We affirm.

Plaintiff, a middle-aged woman, is a respiratory therapy technician employed by the Michigan Osteopathic Medical Center. In early 1982, the medical center began advising all respiratory therapists that certification requirements were being estab-

* Circuit judge, sitting on the Court of Appeals by assignment.

lished. In 1982, therapists were verbally informed that they were required to work towards certification and this verbal communication was followed by written notification issued in November of 1982. In December, 1983, plaintiff's supervisor confronted her with the discovery that plaintiff had not enrolled in any classes at all. Thereafter plaintiff enrolled in classes at Highland Park Community College. She was informed in January, 1984, that continued employment was contingent upon certification by December 31, 1984. On May 14, 1984, plaintiff was informed by letter that certification examinations were scheduled and further employment was contingent upon certification by December 31, 1984. On January 9, 1985, a letter was sent to plaintiff notifying her that on January 12, 1985, she would be released from employment.

In granting summary disposition under MCR 2.116(C)(10) the trial court had before it an affidavit submitted by defendant medical center that read: "As of the time of Ms. Dew's termination, no respiratory technicians employed by MOMC . . . failed to possess the minimum certification requirement."

On appeal plaintiff contests the grant of summary disposition both as to plaintiff's claim of age discrimination and as to her claim of negligence.

Plaintiff's claim of discrimination is based upon the Civil Rights Act, specifically MCL 37.2202(1)(a); MSA 3.548(202)(1)(a), which states: "An employer shall not . . . discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment because of . . . age . . . ." Plaintiff contends that whether a person was a victim of discrimination is always a question of fact for the trier of fact. Plaintiff relies in part on a deposition of one Helen Jones, her former supervisor, which

she has not supplied to this Court as part of her exhibits. In her own deposition in response to the question of the basis for her age discrimination claim she stated:

> Well, I feel that the corporation did not particularly want people to work there who had any type of seniority. I had been there for 15 years. I had a perfect record. And I think the benefits that they had to pay out and the bonuses were something they didn't particularly—they weren't pleased with. I can't see any other basis for it, you know, rather than the length of time and possibly age.

Defendants quote from Helen Jones' deposition the following exchange:

> *Q.* In terms of the—now we are switching over to Grant, et al. In terms of the individuals you have discussed previously: Grant, Gibbs, Wolff, Dew, Ealy, and Maggitt; none of these people did get their certification, did they?
> *A.* No.
> *Q.* Then they were terminated because they did not get a certification?
> *A.* As told to myself by Christyne Gomillion, yes.
> *Q.* Do you have any reason to disbelieve that statement by her?
> *A.* No.
> *Q.* Had, as far as you know, if any of those six individuals had been able to get their certification, they would have remained an employee at MOMC and MHC; is that correct?
> *A.* Yes.

From our examination of the briefs and record we find that if plaintiff had secured the necessary certification she would have kept her job. Plaintiff has failed to establish a prima facie case that she was qualified for the job. Her naked assertion that

she was the victim of age discrimination is unsupported. *Bouwman v Chrysler Corp,* 114 Mich App 670; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983). Furthermore, summary disposition was proper even if plaintiff had established a prima facie case because plaintiff failed to rebut defendants' proffered legitimate, nondiscriminatory reasons for their action. *Clark v Uniroyal Corp,* 119 Mich App 820, 825; 327 NW2d 372 (1982).

Plaintiff's complaint in regard to the negligence count was that MOMC negligently performed its periodic review of plaintiff and negligently supervised those employees who had authority and control over plaintiff's job performance. We recently analyzed a so-called negligent evaluation claim in *Struble v Lacks Industries, Inc,* 157 Mich App 169; 403 NW2d 71 (1986). We follow *Struble* and hold that plaintiff's negligence claim is not separate and distinct from the contract out of which it arises. In *Sankar v Detroit Bd of Ed,* 160 Mich App 470, 479-480, n 2; 409 NW2d 213 (1987), after a review of *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981), another panel of this Court concluded that the *Schipani* Court's "recognition of the tort of negligent evaluation should be limited to the particular facts of that case." We agree. We find that plaintiff's purported negligence claim does not state a distinct and separate cause of action from her breach of contract claim. This is a very tenuous claim at best since plaintiff was fired because she did not get certified; not because she had poor evaluations.

Affirmed.