940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Warren A. BRUSH, Plaintiff-Appellant,
v.
Edward H. McNAMARA, Executive, Charter County of Wayne,
Jointly and Severally, Defendants-Appellees.
 No. 90-2261.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Warren A. Brush appeals the summary judgment dismissal of his age discrimination and breach of employment contract action brought against the defendants-appellees, Edward H. McNamara and the Charter County of Wayne, Michigan. For the following reasons, the district court's summary judgment dismissal is reversed in part and affirmed in part.
 
 I.
 
 2
 After taking the civil service exam, plaintiff-appellant Warren A. Brush ("appellant" or "Brush") was hired as an entry level accountant by defendant-appellee Wayne County in 1973 at age 48. As an accountant, Brush was a member of the American Federation of State, County and Municipal Employees Union ("Union").
 
 
 3
 In 1981, the Wayne County electorate adopted a home rule charter effective January 1, 1983. In November 1982, William Lucas, the first Wayne County Chief Executive Officer, asked the appellant to become a member of Lucas' transition team as Deputy Chief Financial Officer--Cash Management Director. To accept the appointment, Brush executed a written request for leave of absence from the classified civil service "to accept a public appointment in the unclassified services of the County."
 
 
 4
 Though Brush's appointment states that his "TERM EXPIRES AT THE PLEASURE OF THE COUNTY EXECUTIVE," Joint Appendix at 60, Brush served through the end of Lucas' four-year term which ended on December 31, 1986. At the end of 1986, Brush was earning approximately $61,800 per year (Brush had been earning approximately $26,200 per year as a classified civil service accountant in November 1982 immediately preceding his unclassified appointment).
 
 
 5
 Acting upon recommendations from former Chief Executive Officer Lucas and former Chief Financial Officer Fred Todd, Lucas' successor, defendant-appellee Edward McNamara, reappointed Brush to his Deputy Chief Financial Officer--Cash Management Director position effective January 1, 1987. The appellant served under McNamara for twenty months before being notified in July 1988 that he was fired:
 
 Dear Mr. Brush:
 
 6
 As indicated, we do not intend to continue your appointment after August 31, 1988. It is also my understanding that you do not wish to elect your option to return to the classified service since you have chosen a different option.
 
 
 7
 Yours very truly,
 
 
 8
 Jack R. Dodge--
 
 Chief Financial Officer
 
 9
 Joint Appendix at 63. At the time of his termination, Brush was 63 years old. Brush was replaced by a woman in her 30's.
 
 
 10
 Though Brush was given the option of returning to his 1982 civil service classification, Brush "determined that he would earn more money by retiring and taking his reduced social security benefits and his pension. Plaintiff was with no sound economic alternative but to retire effective September 1, 1988 having been constructively discharged from employment." Appellant's Brief at 3-4.
 
 
 11
 Arguing that his "constructive discharge was in violation of federal age discrimination legislation, the Michigan Civil Rights Act, and Civil Service Rules," Appellant's Brief at 4, Brush filed this action in Wayne County Circuit Court against Wayne County and Edward McNamara on July 10, 1989. The defendants thereafter removed this action to federal court. On August 29, 1990, pursuant to the defendants' summary judgment motion, the district court judge dismissed Counts I (age discrimination) and II (breach of an implied employment contract) of Brush's three-count complaint, but refused to dismiss Count III (First Amendment freedom of association claim).
 
 
 12
 On October 11, 1990, Brush filed "Plaintiff's Motion for Voluntary Dismissal of Count III." Accordingly, on October 22, 1990, the district court judge issued his "Order of Dismissal" which stated (in relevant part):
 
 
 13
 IT IS HEREBY ORDERED that Count III of Plaintiff's Complaint be and the same is hereby dismissed.
 
 
 14
 IT IS FURTHER ORDERED that Counts I and II of Plaintiff's Complaint previously had been dismissed by this Court and this order is a final judgment.
 
 
 15
 Joint Appendix at 27.
 
 
 16
 Brush thereafter filed a timely notice of appeal.
 
 II.
 Summary Judgment
 
 17
 Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transp. Co. v. Pennsylvania Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). In its review, this court must view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987).
 
 
 18
 The moving party has the burden of conclusively showing that no genuine issue of material fact exists. Id. Nevertheless, in the face of a summary judgment motion, the nonmoving party cannot rest on its pleadings but must come forward with some probative evidence to support its claim. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); 60 Ivy St. Corp., 822 F.2d at 1435.
 
 
 19
 "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). The dispute must be genuine and the facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. 60 Ivy St. Corp., 822 F.2d at 1435. If the disputed evidence "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).
 
 Age Discrimination Claim
 
 20
 "The Supreme Court has instructed that it is the plaintiff who bears the burden of proving a prima facie case of employment discrimination and additionally of rebutting any legitimate, nondiscriminatory explanation proffered by the employer for its actions." Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 312 (6th Cir.1989).
 
 
 21
 First the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 22
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).
 
 This court has previously stated:
 
 23
 The elements of a prima facie case of age discrimination require that the charging party demonstrate that (1) she was a member of the protected class, i.e., that she was between the ages of 40 to years of age; (2) that she was subjected to an adverse employment action; (3) that she was qualified for the particular position; and (4) that she was replaced by a person not a member of the protected class.
 
 
 24
 Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d at 313 (citations omitted).
 
 
 25
 Brush introduced sufficient evidence to prove that: he was within the protected class (63 years old); he was terminated from his non-civil service position; he was qualified for the Deputy Chief Financial Officer--Cash Management Director position that he had held prior to his termination (Brush had, in fact, competently performed the job for nearly six years); and, he had been replaced by an individual "not a member of the protected class," id., a woman in her thirties.
 
 
 26
 Because Brush established a prima facie case of age discrimination, "the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " Texas Dep't of Community Affairs v. Burdine, 450 U.S. at 253 (citation omitted). Michigan's courts have similarly employed the McDonnell Douglas shifting burden analysis to resolve age discrimination actions brought under Mich.Comp.Laws Sec. 37.2101 et seq. See Dubey v. Stroh Brewery Co., 185 Mich.App. 561, 563 (1990) ("The McDonnell Douglas shifting burden analysis addresses the proper order and allocation of proofs and burdens in discrimination cases."), appeal denied, 437 Mich. 913 (1991); Ewers v. Stroh Brewery Co., 178 Mich.App. 371, 380 (1989) ("[T]he McDonnell Douglas prima facie case approach ha[s] been adapted to age discrimination discharge cases."); Grant v. Michigan Osteopathic Medical Center, Inc., 172 Mich.App. 536, 540 (1988) ("[S]ummary disposition was proper even if plaintiff had established a prima facie case because plaintiff failed to rebut defendants' proffered legitimate, nondiscriminatory reasons for their action."). In an attempt to meet this burden, the appellees argue:
 
 
 27
 Mr. McNamara testified that pursuant to the Wayne County Charter he could have chosen not to appoint Plaintiff in 1987; he retained some of Lucas' managers, and replaced others, either immediately or after a time. He further testified Plaintiff's age was not a consideration when he was removed at age 63, and that McNamara "relied on Charter authority in good faith and acted for the good of the County and not from any personal or wrongful motivation."
 
 
 28
 Appellees' Brief at 13 (quoting Affidavit of Edward McNamara at 2).
 
 
 29
 Because the burden "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination," Texas Dep't of Community Affairs v. Burdine, 450 U.S. at 253, shifts to the plaintiff only if the employer has "articulate[d] some legitimate, nondiscriminatory reason for the employee's rejection," id. (citation omitted), Brush need not, and in fact cannot, prove that the appellees' articulated reasons are pretextual because the appellees did not articulate legitimate, nondiscriminatory reasons for terminating Brush. Accordingly, the district court judge clearly erred when he stated:
 
 
 30
 Defendant alleged that Plaintiff's termination was a discretionary business decision made in good faith and for the good of the County. Defendant points out, among other things, that many appointments were made by the Defendant of persons in their 50's and 60's and many people in their 30's were removed. I think at this point the Defendant has come forth with a legitimate reason for firing and the burden shifts back to Plaintiff at that point to prove that the Defendant's justification was pretextual. There is no evidence to that effect, no evidence whatever showing that it was pretextual. So I think that Plaintiff has not made a sufficient case here to withstand summary judgment. I will grant summary judgment on the age discrimination claim.
 
 
 31
 Joint Appendix at 172-73.
 
 
 32
 Because the only justification that the appellees were able to produce was that "Plaintiff's termination was a discretionary business decision made in good faith and for the good of the County," id., it is not difficult to see why Brush could not prove pretext--the appellees offered only conclusory statements of opinion totally lacking in support. Until the appellees articulate legitimate nondiscriminatory reasons for terminating Brush, Brush need not produce evidence to prove pretext. Summary judgment disposition of the age discrimination claim was therefore inappropriate.
 
 Breach of Employment Contract Claim
 
 33
 Though the appellant argues that "questions of material fact exist concerning whether plaintiff was a classified or unclassified civil service employee and/or whether plaintiff could reasonably rely upon an implied contract," Appellant's Brief at 24 (Issue Statement), the appellees correctly note that:
 
 
 34
 Plaintiff accepted employment to an unclassified position outside civil service. His salary jumped from $26,000 in 1982 to $61,800 by the end of 1986. In addition to the higher salary level, he enjoyed other executive benefits, including payout in 1984 of sick leave accumulated over the course of his entire classified County employment. In accepting the appointment under Mr. Lucas, Plaintiff was no longer represented by a union, and he left civil service. He filed requests for leaves of absence pursuant to Civil Service Rule 13. His leave of absence request under Lucas was ultimately extended indefinitely under the McNamara administration.
 
 
 35
 Appellees' Brief at 18 (emphasis added).
 
 
 36
 The evidence presented to the district court belies Brush's claim that he remained under the auspices, and protection, of the Union representing classified civil service workers:
 
 
 37
 The November 19, 1985 "Civil Service Commission--Request for Leave of Absence" signed by Brush stated: "To accept a public appointment in the unclassified services of the County."
 
 
 38
 The August 2, 1984 "Sick Leave Election Form for Exempt/Executive Employees" signed by Brush.
 
 
 39
 The February 24, 1987 Wayne County "Salary Schedule" classifying Brush's job as Group Code 76 ("Excluded Positions, General Fund, Management and Executive Employees in the Unclassified Service.").
 
 
 40
 Civil Service Rule 13, section 7(a)(3) provides that employees may seek leave from classified service "because the employee is entering the unclassified or exempt services of the County." Conversely, section 7(d)(3) provides that an employee shall be "restored to his position on the expiration of his leave." See Appellees' Brief at 18. Moreover, unlike civil service employees, Brush was not required to take a civil service examination before accepting his appointment, and was not required to serve a probationary period when beginning his service.
 
 
 41
 Though Brush maintains that he is a classified civil servant protected by the collective bargaining agreement between the Union and Wayne County, the evidence overwhelmingly indicates that the County had the right to appoint Brush to an unclassified, civil service-exempt position which it did. Accordingly, Brush may not seek relief from the collective bargaining agreement that previously governed his employment rights. Because the appellant's breach of contract theory is meritless, the district court properly granted the appellees summary judgment with respect to Brush's breach of employment contract claim.
 
 
 42
 Implied Employment Contract and Procedural Due Process Claims
 
 
 43
 Though the appellant argues that the appellees breached an implied employment contract (pursuant to Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579 (1980)), and violated his procedural due process rights by terminating his employment without a hearing, the appellant failed to raise either of these claims in his Complaint. Because this court will not consider issues raised for the first time on appeal, see, e.g., Bannert v. American Can Co., 525 F.2d 104, 111 (6th Cir.1975), cert. denied, 426 U.S. 942 (1976), we will not address the substantive merits of these claims.
 
 III.
 
 44
 For the aforementioned reasons, we REVERSE and REMAND the district court's summary judgment order with regard to Brush's age discrimination claim. With regard to Brush's remaining claims, however, we AFFIRM the district court's summary judgment order.