Stuart B. SHELDON, Plaintiff,

v.

McGRAW–HILL, INC., a foreign corporation and C.J. Tower, Inc., Customs Brokers, a wholly-owned subsidiary, Defendants.

Civ. A. No. 91–70206.

United States District Court, E.D. Michigan, S.D.

Nov. 14, 1991.

Clifford R. Williams, Mariane Sokolev, Detroit, Mich., for Stuart B. Sheldon.

Timothy H. Howlett, Dickinson, Wright, Moon, Van Dusen & Freeman, David R. Deromedi, Detroit, Mich., for McGraw–Hill, Inc., Customs Brokers, and C.J. Tower, Inc.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' SEPTEMBER 6, 1991 MOTION FOR SUMMARY JUDGMENT AND IMPOSING SANCTIONS ON COUNSEL FOR PLAINTIFF

GADOLA, District Judge.

Defendants filed their motion for summary judgment September 6, 1991. Plaintiff filed a response September 18, 1991; and defendants filed a reply October 2, 1991. Federal jurisdiction is proper because of complete diversity of citizenship between plaintiff and defendants. Michigan law applies.

### BACKGROUND FACTS

Plaintiff began his employment with defendant Tower in Buffalo, New York, January 1, 1967. In October 1986 plaintiff signed an employment agreement with Tower which contained the following language regarding plaintiff's term of employment:

> The term of employment under paragraph 1 of this Agreement shall begin with January 1, 1986 and shall continue thereafter during Employee's lifetime until three months following written notice of termination given by either party to the other or until Employee's retirement.

Defendants' Br. Ex. A.

In late December 1986 defendant McGraw–Hill acquired all of the stock of defendant Tower. The parties agree that plaintiff's written agreement with Tower was still in effect after Tower's acquisition by McGraw–Hill because of the following provision: "This Agreement shall be binding upon and inure to the benefit of the parties hereto and the successors of the Corporation." *Id.*

Plaintiff was transferred to the company's Detroit office in 1989. Mr. Tom Daly, defendant Tower's president, issued plaintiff a verbal warning on November 9, 1990, regarding plaintiff's managerial shortcomings. Mr. Daly issued plaintiff a written warning November 19, 1990; and plaintiff was suspended with pay November 26, 1990. On November 30, 1990, plaintiff was given notice of termination, effective March 1, 1991.

Plaintiff filed a complaint January 14, 1991, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* and the following four state law claims: breach of contract, tortious interference with a profitable business contract, defamation, and intentional infliction of emotional distress.

## STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties. [Citation omitted]. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the non-movant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2511. (Citations omitted); *see Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must pro-

duce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

### I: AGE DISCRIMINATION

Plaintiff concedes that his age discrimination claim should be dismissed because of plaintiff's failure to comply with the statutory requirements of 29 U.S.C. § 621 *et seq.* Plaintiff's Resp. at 19. Due to plaintiff's failure to comply with the statutory requirement, defendants are entitled to summary judgment on this claim.

### II: BREACH OF CONTRACT

■ Plaintiff's written employment agreement with Tower was clearly a contract for an indefinite term. In Michigan, employment contracts of indefinite duration are presumptively at-will and can be terminated at any time and for any reason. *Rowe v. Montgomery Ward & Co.,* 437 Mich. 627, 473 N.W.2d 268 (1991); *Toussaint v. Blue Cross & Blue Shield,* 408 Mich. 579, 292 N.W.2d 880 (1980).

■ The controlling agreement also provided that either party was to furnish the other with written notice of termination three months in advance. Plaintiff has failed to present any evidence to demonstrate that defendants breached that provision of the employment agreement. Because no genuine issue of material fact remains regarding plaintiff's breach of contract claim, defendants are entitled to summary judgment on that claim.

### III: TORTIOUS INTERFERENCE WITH A PROFITABLE BUSINESS CONTRACT

■ Plaintiff's claim for tortious interference merely reiterates his breach of employment contract claim. Under Michigan law, a plaintiff cannot sustain a tort claim on the basis of a breach of employment contract where the breach of duty is indistinguishable from the breach of contract. *See e.g. Kostello v. Rockwell Corp.,* 189 Mich.App. 241, 244, 472 N.W.2d 71 (1991); *Grant v. Michigan Osteopathic Medical Ctr.,* 172 Mich.App. 536, 540, 432 N.W.2d 313 (1988). Because plaintiff's tort claim is based on the same allegations which comprise his breach of contract claim, defendants are entitled to summary judgment on this claim.

### IV: DEFAMATION

■ Plaintiff makes further allegations in his complaint which appear to assert a claim for defamation against defendants based upon statements made by Mr. Daly regarding plaintiff. The elements of a defamation claim are as follows:

(1) a false and defamatory statement;

(2) an unprivileged communication to a third party;

(3) fault amounting to at least negligence on the part of the publisher; and

(4) actionability of the statement.

*Hodgins Kennels, Inc. v. Dubin,* 170 Mich. App. 474, 429 N.W.2d 189 (1988) *rev'd in part on other grounds,* 432 Mich. 894, 438 N.W.2d 247 (1989).

■ Plaintiff stated in his deposition that he had no firsthand knowledge that Mr. Daly had encouraged any false information or derogatory remarks concerning plaintiff. Sheldon Dep. at 278. Plaintiff admitted that he did not know of any information that Mr. Daly acted upon that Mr. Daly knew was false. *Id.* Finally, plaintiff admitted that he was not aware of anything false said about him by anyone at Tower. *Id.* at 282–283. In light of plaintiff's own deposition testimony, defendants are entitled to summary judgment on this claim.

### V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ Controlling case law from the Court of Appeals for the Sixth Circuit held that an at-will employee could not sustain a claim for intentional infliction of emotional distress based on her termination. *Reid v. Sears, Roebuck & Co.,* 790 F.2d 453, 462 (6th Cir.1986). *See also Novosel v. Sears, Roebuck & Co.,* 495 F.Supp. 344, 347 (E.D.Mich.1980) ("Since ... the defendant exercised its legal rights in a permissible fashion when it terminated the plaintiff, the plaintiff's cause of action for intentional infliction of emotional distress must fail."). Likewise, in the instant action, the

court has determined that defendants exercised their legal rights in a permissible fashion and are thus entitled to summary judgment on plaintiff's claim for intentional infliction of emotional distress.

## VI: SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure requires that the court impose sanctions on plaintiff's counsel.

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11 (emphasis added).

Plaintiff's age discrimination claim is swiftly conceded in the response after defendants briefed the issue at length in their motion for summary judgment. Clearly, plaintiff's counsel had failed to perform a reasonable inquiry as to whether the claim was well grounded in fact and was warranted by existing law before filing the complaint.

Plaintiff's response brief entirely misstates Michigan law regarding the presumption of at-will employment contracts.

> As [d]efendants so accurately point out on page 2 of their brief, the [p]laintiff could not recall conversations with anyone at C.J. Tower[,] Inc., including but

not limited to Peter Tower, the owner of the company with whom he signed the contract, about the termination or the circumstances under which he could be terminated[ ] because that was never discussed[.] [I]t was just implied that he would continue until there was something put in writing[.] [E]ach side could give the other ninety days' notice as it regards any termination procedures. BUT, [sic] as case law in Michigan has consistently held, where there is no mention of the fact that an employee is an at will employee, the person is considered an employee with a contract of employment under which he would not be terminated without cause.

Plaintiff's Resp. at 6–7. Following such a statement of the law in Michigan, the reader would reasonably expect at least one case citation; however, no citation is provided. In fact, no citation could be provided, as the law is exactly the opposite of what is presented in plaintiff's brief. It is clear that plaintiff's counsel failed to perform a reasonable inquiry as to existing law.

The court also concludes that plaintiff's counsel failed to perform a reasonable inquiry as to existing law regarding plaintiff's claims for tortious interference with contract. In addition, it is clear that plaintiff's counsel disregarded his client's own deposition testimony in proceeding with this action after plaintiff testified that the first element of any defamation case, a false statement, was lacking. Finally, plaintiff's response brief fails to address and distinguish much of the case law presented in defendants' motion for summary judgment.

The court finds that plaintiff's counsel has violated Rule 11 of the Federal Rules of Civil Procedure by failing to perform a reasonable inquiry to determine whether this action was warranted by existing law.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's counsel PAY to defendants the amount of FIVE HUNDRED DOLLARS ($500.00) as a reasonable expense incurred, including legal fees, and that such sanction shall be fully borne by plaintiff's counsel and not by plaintiff.