9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joan WICHOWSKI, Plaintiff-Appellant,
v.
GENERAL ELECTRIC CO., Defendant-Appellee.
 No. 92-1631.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 1
 Before: RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.[1]
 
 OPINION
 
 2
 ECHOLS, District Judge.
 
 
 3
 In this appeal, the Plaintiff-Appellant, Joan Wichowski ("Wichowski), challenges the District Court's grant of summary judgment in favor of the Defendant-Appellee, General Electric Corporation ("GE"), which dismissed Wichowski's claims of age and sex discrimination, as well as her claim for breach of an implied employment contract. For the reasons more fully outlined herein, we find that the District Court properly granted GE's Motion for Summary Judgment, and, therefore, affirm its dismissal of Wichowski's action.
 
 
 4
 In July 1985, Wichowski began working for Kelly Services in Troy, Michigan. As an employee of Kelly Services, Wichowski was assigned temporarily to work in GE's Westland service zone in a part-time parts position. In September 1985, Wichowski signed an application seeking employment directly with GE. GE's application form contained a provision titled "Employee Release and Privacy Statement," which included the following employment-at-will language:
 
 
 5
 I understand that any employment with the Company would not be for a fixed period of time and that, if employed, I may resign at any time for any reason or the Company may terminate my employment at any time for any reason in the absence of a specific written agreement to the contrary.
 
 
 6
 In November 1985, GE hired Wichowski to fill a part-time parts position. Wichowski worked in this position from November 1985 until June 1989, at which time she was offered and accepted the position of full-time secretary for GE's customer care customer relations operations.
 
 
 7
 In early 1990, GE decided to consolidate all of its customer care customer relations positions throughout the nation, centralizing this division in Kansas City, Missouri. Shortly thereafter, Wichowski learned from her supervisor that her job in Troy would be eliminated as a result of GE's consolidation of the division. In early March 1990, Wichowski's supervisor presented her with five employment options from which she could choose in order to maintain her employment with GE: (1) she could transfer to the parts department and displace a full-time, union employee in Troy, Michigan; (2) she could become the zone clerk, thereby displacing another full-time employee from her present position; (3) she could become a consumer service representative; (4) she could transfer to Kansas City in her present position; or (5) she could voluntarily choose to be laid off. It is undisputed that Wichowski would have received the same rate of pay if she chose any of these various options, with the exception of the parts position. With the exception of the job transfer to Kansas City, all of the options included positions in GE's plant in Troy, Michigan.
 
 
 8
 After considering the options, Wichowski informed GE's factory service manager, Mike Weber, that she wanted to accept the parts position. Wichowski apparently had rejected a similar offer to work in the parts department two years earlier. Weber posted a notice in the parts department stating that Wichowski would assume the duties of this position effective March 19, 1991.
 
 
 9
 There were no full-time positions open in the parts department at the time, so Wichowski's transfer would have required an older, unionized employee to be displaced. After the union informed GE that Wichowski could not displace the senior union employee, Weber informed Wichowski that he had made a mistake in offering her the full-time parts position, and that option was no longer available to her. Wichowski admits that GE's reason for retracting the full-time parts position offer was legitimate and unobjectionable.
 
 
 10
 The only remaining parts position available at that time was part-time in nature and paid two dollars ($2.00) less an hour than Wichowski's current pay. This part-time parts position was held by another employee older than Wichowski. When Wichowski expressed an interest in moving to this position, Weber advised her against such a move because the part-time job might be eliminated.[2] Although the part-time offer to work in the parts department was not withdrawn, it is undisputed that Wichowski voluntarily decided not to accept the position.
 
 
 11
 Wichowski next informed Weber that she would accept the zone clerk's position which was occupied by another employee older than Wichowski. When Weber attempted to implement this transfer, he discovered that his supervisor had not approved the offer because the transfer would require significant retraining of Wichowski. Therefore, Wichowski was advised that the zone clerk position was no longer an available option.
 
 
 12
 After considering her remaining options, Wichowski voluntarily choose to accept the layoff, thereby qualifying for severance pay benefits. She then filed an action against GE in state court alleging discrimination in her employment on the basis of age and sex, and breach of an implied employment contract. GE removed the action to the United States District Court for the Eastern District of Michigan, which granted summary judgment dismissal of the Plaintiff's claims.
 
 
 13
 Wichowski alleges on appeal that she presented evidence to the District Court which, at a minimum, tended to raise a genuine issue of material fact regarding her claims of sex and age discrimination, as well as her claim for breach of an implied employment contract. As such, she asserts the District Court erred in granting summary judgment dismissal of her claims. In response, GE states Wichowski failed to produce any significant evidence in support of her claims that GE discriminated against her on the basis of sex or age, or that GE breached an implied employment contract by discharging her without good cause.
 
 
 14
 This Court reviews a District Court's grant of summary judgment under the same general standards as the District Court is required to employ initially. See Hines v. Joy Mfg. Co., 850 F.2d 1146, 1149 (6th Cir.1988) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2716 (1983)); and Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987)). Therefore, this Court must construe the evidence produced in the light most favorable to the non-moving party, drawing all justifiable inferences in his or her favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A party may obtain summary judgment if the evidentiary material on file shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.
 
 
 15
 The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelly, 803 F.2d 236, 239 n. 4 (6th Cir.1986). Once the moving party has satisfied the initial burden, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party's failure to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will result in dismissal of the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-252. The ultimate inquiry is whether there exists any genuine issue of material fact which is disputed. Id. at 248. If so, summary judgment dismissal is inappropriate.
 
 
 16
 In order to establish either an age or sex discrimination case, a plaintiff must demonstrate that, as a result of improper discrimination, he or she suffered an adverse employment action. See Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 514 (6th Cir.1991).[3] In this case, Wichowski has failed to prove that she suffered any adverse employment action as a result of GE's allegedly improper and discriminatory conduct. It is undisputed that GE never terminated Wichowski's employment. Instead, GE went out of its way to ensure that Wichowski had several options from which to choose in order to retain her employment with GE. At the time Wichowski ultimately chose to accept the voluntary layoff, there were at least two remaining options which would have allowed her to remain actively employed with GE.
 
 
 17
 Wichowski claims, however, that she was constructively discharged because the two remaining alternatives were not truly viable options. She contends the zone clerk's position, although it paid the same rate of pay, was not a legitimate option because it would have resulted in a loss of future salary potential, and the part-time parts position was not an acceptable alternative because it would have required her to accept a two dollar ($2.00) decrease in pay. Therefore, Wichowski alleges that her action in accepting the voluntary layoff was involuntary, resulting in her constructive discharge.
 
 
 18
 Wichowski's position, however, is not supported by the applicable law. As this Court recently noted, the standard for establishing the existence of a constructive discharge when an employee is presented with numerous employment options is quite high:
 
 
 19
 The presentation to ... [the employee] of other legitimate options for continued employment with the company, even in less prestigious positions, precludes a finding that ... [the employee] was constructively discharged. A demotion within a company does not amount to a constructive discharge unless the proffered employment options would have been "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign."
 
 
 20
 Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 515 (6th Cir.1991) (quoting Yates v. Avco Corp., 819 F.2d 630, 636-637 (6th Cir.1987); and Held v. Gulf Oil Co., 684 F.2d 427, 432 (6th Cir.1982)). There is no evidence in this case that the options presented to Wichowski were so "difficult or unpleasant" that a reasonable person would have felt no other choice but to resign. In fact, the zone clerk's position would have allowed her to remain with GE at the exact same rate of pay. Wichowski has simply failed to produce any persuasive evidence that GE's actions in offering her options to remain gainfully employed with the company constituted a constructive discharge of her employment. As such, she has failed to satisfy her burden of producing evidence that she suffered any adverse employment action at the hands of GE, an essential element of her claims of sex and age discrimination. Therefore, those claims must fail as a matter of law.
 
 
 21
 Assuming, arguendo, that Wichowski could prove that GE's actions resulted in an adverse employment action, her claim would still fail because she has not produced sufficient evidence that her age or sex was a determining factor in GE's employment decisions. Absent Wichowski's own conclusory beliefs that Weber discouraged her from taking the parts position because of her age, there is no evidence in the record that GE's actions were motivated by considerations of Wichowski's age. It is undisputed that GE's initial decision to consolidate all of its customer care customer relations jobs in Kansas City had nothing to do with Wichowski's age. Furthermore, GE's repeated attempts to offer Wichowski other employment options when her job was eliminated contradicts her contention that GE wanted to discharge her because of her age. The revocation of two of the initial options presented to her was based on legitimate concerns of other employees occupying these positions, both of whom were older than she.
 
 
 22
 In order to establish a claim of age discrimination, Wichowski bears the burden of proving, by direct or circumstantial evidence, that her age was a "determining factor" in GE's decision to discharge her. Meeka, 405 N.W.2d at 128. She may not satisfy her burden of proof in an age discrimination case by simply relying upon her own conclusory statements, beliefs, or feelings regarding the employer's allegedly improper motivations. See Grant v. Michigan Osteopathic Medical Ctr., Inc., 432 N.W.2d 313, 315 (Mich.App.1988). Conclusory assertions of age discrimination are insufficient to establish a prima facie case as a matter of law. See LaGrant v. Gulf & W. Mfg. Co., Inc., 748 F.2d 1087, 1091 (6th Cir.1984); Locke v. Commercial Union Ins. Co., 676 F.2d 205, 206 (6th Cir.1982). Accordingly, the District Court's summary judgment dismissal of Wichowski's age discrimination claim was appropriate and is accordingly affirmed.
 
 
 23
 Wichowski's claims of sex discrimination are likewise unsupported by the factual record. In order to establish a prima facie case of sex discrimination, Wichowski is required to produce evidence which, at a minimum, creates an inference of sex discrimination on the part of the employer. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). The only evidence upon which Wichowski relies in support of her claim of sex discrimination is conclusory assertions that Weber dissuaded her from accepting the part-time parts job. However, it is undisputed that the part-time parts job was not retracted, and it remained open as an option for her when she accepted the layoff.
 
 
 24
 It is also noted that Weber previously offered her a similar job in the parts department two years before. At that time, Wichowski rejected Weber's offer to work in the parts department, stating that she preferred administrative tasks. Since that time, however, there had been significant changes in the parts position which required lifting and moving a large volume of compressors, each of which weighed approximately forty to forty-five pounds. Weber also was aware that the parts position was likely to be eliminated in the near future. Advising Wichowski of these facts does not amount to sex discrimination.
 
 
 25
 Wichowski's subjective conclusions of sexual discrimination are insufficient to satisfy her burden of coming forward with sufficient proof to make out a prima facie case of sex discrimination. Accordingly, the District Court's summary judgment dismissal of Wichowski's sex discrimination claim was appropriate, and is accordingly affirmed.
 
 
 26
 Finally, Wichowski claims that GE breached an implied contract of employment, the terms of which prohibited GE from discharging her without just cause.[4] First, Wichowski contends that GE personnel stated in annual performance reviews that she would keep her job as long as she did her job well. However, she could not identify a specific GE employee who made such a promise, and she admitted in her deposition that this was simply her understanding of the nature and terms of her employment.
 
 
 27
 In Rowe v. Montgomery Ward & Co., Inc., 473 N.W.2d 268, 270 (Mich.1991), the plaintiff alleged that at the time of her interview the interviewer informed her that she would have a job as long as she performed her job. The court expressly found that an employer's vague and general assurances to an employee of continued employment as long as that employee performed his or her job were simply insufficient, standing alone, to prove that the employer intended to create a contract terminable only for cause, or to abrogate the at-will employment relationship. Id. at 274-275. Essential to the decision in Rowe was the Court's finding that the formation of a contract requires proof that both parties must be cognizant of the fact that they were creating a contract, and there was a meeting of the minds as to the content of that contract. Id.
 
 
 28
 In this case, Wichowski admittedly signed a written employment contract at the beginning of her employment which explicitly stated her employment with GE was at-will, and GE could terminate her employment "at any time for any reason in the absence of a specific written agreement to the contrary." It is undisputed that Wichowski never executed a separate written employment agreement of any kind. Wichowski's claim for breach of an implied employment contract is based solely upon her "understanding" that she would keep her job as long as she performed her job. Even if this Court were to assume that Wichowski could prove that authorized GE personnel actually made such statements to her, these assurances, standing alone, are insufficient as a matter of law to abrogate the explicit at-will employment relationship which existed in this case. See Rowe, 473 N.W.2d at 275.
 
 
 29
 Secondly, Wichowski contends that a separately enforceable employment contract was formed when Weber offered the zone clerk's position to her and she accepted. Wichowski contends that Weber's subsequent retraction of his offer constituted a breach of contract for which she is entitled to receive damages.
 
 
 30
 Since Wichowski was an at-will employee, GE was free to terminate its employment with her at any time for any reason. Wichowski's acceptance of Weber's offer to transfer to the zone clerk's position created nothing more than a separate at-will employment relationship which either GE or Wichowski could terminate at any time for any reason. Weber's offer of the zone clerk's position, and Wichowski's subsequent acceptance thereof did not create an employment contract terminable only for cause, and, therefore, cannot be the basis for any present action for breach of that contract. As such, the District Court's dismissal of Wichowski's breach of contract claim is affirmed.
 
 
 31
 For the foregoing reasons, the judgment of the District Court in favor of the Defendant is hereby AFFIRMED.
 
 
 
 [1]
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [2]
 Weber's predictions proved accurate since GE eliminated the part-time parts position in less than a year
 
 
 [3]
 It should be noted that Michigan courts have acknowledged that the standards applicable to a federal civil rights case are likewise applicable to an analysis of a civil rights claim under the Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.2202 (West 1977). See Meeka v. D. & F. Corp., 405 N.W.2d 125, 127 (Mich.App.1987)
 
 
 [4]
 Even assuming that an employment contract existed, Wichowski has failed to prove that GE's actions in eliminating her position while simultaneously offering her several comparable options for continued employment constituted a discharge of any kind, much less a discharge without just cause