DOSTER v DEPARTMENT OF MENTAL HEALTH

Docket No. 87222. Submitted November 13, 1986, at Lansing. Decided March 19, 1987.

Appellants Clarence Doster, Ervin Johnson, Dorothy Lamb and others brought an action in Wayne Circuit Court against the Department of Mental Health (DMH) and other state agencies and officials following either their demotions or the elimination of their employment positions within the DMH. Appellants, who are all black, alleged that the demotions and layoffs were conducted arbitrarily and capriciously in violation of civil service regulations, pronouncements by the Michigan Equal Employment Opportunity Council (MEEOC), the DMH's affirmative action policies, and provisions of the Michigan Constitution regarding equal protection and due process of law. The circuit court issued a restraining order which enabled appellants to maintain their employment positions and denied motions by appellees for summary judgment on appellants' constitutional claims and for dissolution of the restraining order. Appellants appealed to the Court of Appeals by leave granted. The Court of Appeals, in a published opinion at 126 Mich App 497 (1983), lv den 418 Mich 913 (1984), concluded that the issuance and maintenance of the restraining order was erroneous since most appellants had failed to sufficiently establish any threat of irreparable injury, granted summary judgment in favor of appellees on appellants' constitutional claims, and held that appellants had to exhaust their administrative remedies before the courts could consider their claim that MEEOC pronouncements and DMH policies on affirmative action vested enforceable rights in appellants which were violated by appellees' actions. Appellants thereafter initiated Civil Service grievance proceed-

REFERENCES

Am Jur 2d, Civil Service, §§ 52, 61, 68, 79 et seq.

Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.

Determination as to good faith in abolition of public office or employment subject to civil service or merit system. 87 ALR3d 1165.

See also the annotations in the Index to Annotations under Labor and Employment.

ings, alleging that the Director of the DMH had failed to consider affirmative action when he abolished their positions. A hearing officer found that the director had initially failed to consider affirmative action policies, but that he had properly considered those policies in effectuating the ensuing layoffs. The hearing officer also ordered the reinstatement of appellants to various positions he deemed appropriate. Appellees appealed to the Employment Relations Board, which ruled that the hearing officer's findings of fact were supported by the record, but that the hearing officer exceeded his authority in ordering appellants' reinstatement, and ordered the Director of the DMH to reconsider the demotions and elimination of positions. Appellants sought review of the board's ruling by the Wayne Circuit Court. The court, Maureen P. Reilly, J., affirmed the board's ruling. Appellants then filed an appeal in the Court of Appeals.

The Court of Appeals *held:*

1. The Civil Service Commission has plenary authority to determine the procedures by which grievances will be resolved. The commission may modify the relief granted by a hearing officer.

2. Const 1963, art 11, § 5 gives state agencies the authority to abolish positions for reasons of administrative efficiency. The board properly reversed the reinstatement of appellants by the hearing officer.

3. The hearing officer misconstrued the DMH's affirmative action policies. Those policies allowed for, but did not mandate, the use of affirmative action waivers.

4. Appellants' allegations regarding enforceable rights pursuant to MEEOC pronouncements state a wrongful discharge claim which is properly within the jurisdiction of the Court of Claims, not the circuit court.

Affirmed.

1. CIVIL SERVICE — APPEAL.

The proper scope of judicial review of a decision of the Civil Service Commission is the determination of whether the commission's decision is authorized by law and, in cases in which a hearing is required, whether it is supported by competent, material and substantial evidence on the whole record.

2. CIVIL SERVICE — CIVIL SERVICE COMMISSION — GRIEVANCE PROCEEDINGS.

The Civil Service Commission has plenary authority to determine the procedures by which grievances by civil servants will be resolved; thus, the commission may modify the relief granted by a hearing officer at a civil service grievance proceeding.

3. Labor Relations — Public Employees — Termination of Posi-
    tions — Constitutional Law.
    State agencies are empowered by the Michigan Constitution to
    abolish employment positions for reasons of administrative
    efficiency (Const 1963, art 11, § 5).

4. Courts — Court of Claims — Public Employees — Wrongful
    Discharge.
    An action against the State of Michigan for wrongful discharge
    from employment may be filed only in the Court of Claims
    (MCL 600.6419; MSA 27A.6419).

*Andrew L. Goldstein, P.C.* (by *Andrew L. Gold-stein*), for appellants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistant Attorneys General, for appellees.

Before: R. B. Burns, P.J., and Gribbs and A. T. Davis,* JJ.

Per Curiam. Clarence Doster, Ervin Johnson, Dorothy Lamb, and others, appeal as of right from the Wayne Circuit Court's August 26, 1985, order which affirmed the June 5, 1984, decision of the Employment Relations Board (ERB) of the Civil Service Commission (CSC). Appellants were black male and female employees of the Department of Mental Health (DMH) whose positions were abolished or who were demoted effective April 24, 1981. The ERB's decision reversed a grievance hearing officer's order directing that appellants be reinstated, with back pay and full seniority, to certain positions at the DMH and ordered the Director of the DMH to redetermine which positions were to be abolished, taking into consideration the affirmative action policies of the CSC and the DMH. We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

This case was before this Court in *Doster v Estes,* 126 Mich App 497; 337 NW2d 549 (1983), lv den 418 Mich 913 (1984). At that time, we concluded that the issuance and continuance of restraining orders allowing appellants to maintain their positions was erroneous, granted summary judgment to appellees on appellants' due process and equal protection claims, and ruled that appellants had to exhaust their administrative remedies before the courts would consider their claims that pronouncements of the Michigan Equal Employment Opportunity Council (MEEOC) and the DMH regarding affirmative action created enforceable rights for appellants which were violated by appellees.

Following this Court's decision, appellants filed a grievance, claiming that the Director of the DMH had failed to consider affirmative action when he abolished their positions, contrary to departmental policy. The hearing officer found that, initially, the Director of the DMH had not considered the impact on affirmative action although the director did properly consider the policy when layoffs were effectuated. There was no finding of bad faith. The hearing officer ordered that the grievants be reinstated to various classes, levels and geographic locations which he believed to be appropriate under the circumstances. The DMH and the CSC appealed that order to the ERB, which determined that the hearing officer's findings of fact were supported by the record, but that the hearing officer had exceeded his authority when he reinstated the grievants to the positions he deemed appropriate. The ERB noted:

> The affirmative action policy is lawful, necessary, and reasonable and it does not improperly impinge on the employing departments' constitu-

tional right to abolish positions for reasons of administrative efficiency.

The record confirms the factual finding of the Hearing Officer that the impact on affirmative action of Department of Mental Health's decision to abolish the positions in question was not considered by it when it made the initial decision to abolish them. The Department did properly consider the policy when the abolishments and resulting layoffs and bumpings were effectuated. In some cases, although not for Grievants, waivers of seniority based layoffs and bumping were recommended to the Commission by the Department.

In the opinion of the Board, the Hearing Officer correctly concluded that the Department was in error in failing to consider as an element of its initial decision to abolish the positions, the effect of the Commission's affirmative action policy.

The Board does not adopt the rationale of the Hearing Officer's decision and concludes that, in granting relief, he erroneously, and in excess of his authority, substituted his personal judgement [sic] for that of the employing department. In effect, he ordered what he would have done had he been the department head. That consideration and decision belongs to the employing department head.

The Board sets aside the Hearing Officer's order reinstating Grievants to various classes, levels, and geographical locations. The Board orders the Director of the Department of Mental Health to redetermine which of the positions involved in this case are to be abolished, and in doing so, to take into consideration the affirmative action policy of the Civil Service Commission and Affirmative Action Plan of the Mental Health Department.

On August 24, 1984, appellants filed a petition for review in Wayne Circuit Court, and on August 2, 1985, that court issued an opinion affirming the ERB's decision.

Review of Civil Service Commission decisions

shall include the determination whether such decision was authorized by law, and in cases where a hearing is required, whether it is supported by competent, material and substantial evidence on the whole record, *Davis v Civil Service Comm,* 148 Mich App 668, 671; 384 NW2d 837 (1986).

Appellants' first argument on appeal is that the ERB was not authorized by law to vacate the decision of the hearing officer in view of the uncontested finding that departmental policy had been violated by the Director of the DMH in abolishing certain positions. First, they contend that, in a Department of Civil Service grievance proceeding, a hearing officer has the authority to issue a remedy, including reinstatement and awards of lost wages. While this may be so, it is equally true that the ERB, the appellate body of the CSC, is not bound by the hearing officer's decision. The Civil Service Commission has plenary authority to determine the procedures by which grievances will be resolved, *Viculin v Dep't of Civil Service,* 386 Mich 375, 393; 192 NW2d 449 (1971). The CSC may modify the relief granted by a hearing officer, *Groehn v Corporation & Securities Comm,* 350 Mich 250, 260-261; 86 NW2d 291 (1957). See also *Iams v Civil Service Comm,* 142 Mich App 682, 691-692; 369 NW2d 883 (1985). Thus, where a hearing officer has erred in granting relief, the ERB may rectify that error. Insofar as appellants' argument suggests that the ERB can overturn the hearing officer's grant of relief only where his factual findings are not supported by competent, substantial and material evidence on the whole record, it must be rejected.

Second, appellants reason that the hearing officer's decision was not in violation of law. We disagree. Const 1963, art 11, § 5 gives state agencies the authority to abolish positions for reasons

of administrative efficiency. See *Hutchinson v Dep't of Mental Health,* 108 Mich App 725, 727-728; 310 NW2d 856 (1981), lv den 413 Mich 929 (1982). Since the decision to abolish positions could only be made by the Director of the DMH, the ERB's solution—remand to the Director of the DMH to consider affirmative action in deciding whether to abolish appellants' positions—was the correct course of action. The director · did reconsider his actions, and we must presume, since no evidence has been presented to the contrary, that he performed his job properly. See *State Racing Comm'r v Wayne Circuit Judge,* 377 Mich 31, 36; 138 NW2d 764 (1966).

We also note that the hearing officer misconstrued appellees' affirmative action policies. Those policies allowed for, but did not mandate, the use of affirmative action waivers.

Appellants' remaining argument on appeal is that the pronouncements of the MEEOC created rights in individual state classified employees that were enforceable through court action. See *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980). In our decision in *Doster, supra,* n 1, pp 513-514, we noted that it was unlikely that pronouncements of the MEEOC could create rights in the individual state employees under a *Toussaint* theory.

We need not now determine if such a theory may ever be used, because the Wayne Circuit Court lacked jurisdiction to hear appellants' *Toussaint* claims. A wrongful discharge action against the State of Michigan must be filed in the Court of Claims, MCL 600.6419; MSA 27A.6419; *Watassek v Dep't of Mental Health,* 143 Mich App 556, 564-565; 372 NW2d 617 (1985), lv den 424 Mich 878 (1986).

Affirmed.