KOSTELLO v ROCKWELL INTERNATIONAL CORPORATION

Docket No. 123566. Submitted February 6, 1991, at Lansing. Decided May 7, 1991, at 10:00 A.M.

Edward M. Kostello brought an action in the Oakland Circuit Court against Rockwell International Corporation, and others, alleging breach of an employment contract, wrongful discharge, and negligent evaluation. The court, Hilda R. Gage, J., granted summary disposition for the defendants, finding that there was no breach of contract because the plaintiff was an at will employee, and that the alleged breach of contract did not give rise to an action sounding in negligence because the claimed breach of duty to exercise reasonable care in evaluating an employee was indistinguishable from the asserted breach of contract. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court correctly found that the plaintiff was an employee at will, who had neither an express agreement nor a legitimate objective expectation that he would be terminated for just cause only. The mere existence of a probationary period for newly hired employees did not give rise to a legitimate objective expectation of discharge for just cause only.

2. A breach of an employment contract does not give rise to a claim in tort in a case like the present one where the breach of duty is indistinguishable from the breach of contract.

Affirmed.

1. MASTER AND SERVANT — EMPLOYMENT AT WILL — PROBATIONARY TERMS.

Employment for an indefinite term generally is presumed to be terminable at the will of either party; a contractual commitment to terminate for just cause only may arise from an oral or written express agreement or as a result of the legitimate

REFERENCES

Am Jur 2d, Master and Servant §§ 27, 32.

Right to discharge allegedly "at-will" employee as affected by employer's promulgation of employment policies as to discharge 33 ALR4th 120

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

expectation of an employee grounded in the employer's policy statements; the mere existence of a probationary period for newly hired employees does not give rise to a legitimate objective expectation of discharge for just cause only.

2. MASTER AND SERVANT — BREACH OF EMPLOYMENT CONTRACTS — TORTS.

A breach of an employment contract does not give rise to a claim in tort where the alleged breach of duty is indistinguishable from the breach of contract.

*William J. Berardo,* for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana, James R. Kohl,* and *Michael G. Costello*), for the defendants.

Before: DANHOF, C.J., and HOLBROOK, JR., and SULLIVAN, JJ.

PER CURIAM. Plaintiff appeals as of right an order of the Oakland Circuit Court granting defendants summary disposition of his wrongful discharge, negligent evaluation, and breach of contract claims. We affirm.

Plaintiff was hired by defendant Rockwell International Corporation as a chemist in their Automotive Operations Engineering Division in April 1972. In May 1982, he was evaluated by his supervisors as unsatisfactory and placed on probation. On September 22, 1982, plaintiff received a status report which also rated him as unsatisfactory. By October 7, 1982, plaintiff had failed to show any improvement and was terminated by Rockwell.

Some six years later, plaintiff instituted the action before us. Of the original six counts, the parties agreed to the dismissal of four, and the remaining two, breach of contract and tortious wrongful discharge, were the subject of defendants' motion for summary disposition. In granting

summary disposition of the breach of contract claim, the trial court found "no express or implied promise to change the status of the plaintiff from at will employee to a discharge for just cause" employee and that "[h]e had no reason to give that expectation or come to that expectation or conclusion. I don't see any objective evidence or promise to discharge only for just cause . . . ." Regarding the tortious wrongful discharge claim, the trial court determined that the asserted breach of contract did not give rise to an action sounding in negligence because the claimed breach of duty was indistinguishable from the asserted breach of contract.

Plaintiff's first argument focuses on whether the trial court erred in finding no genuine issue of fact and granting defendants summary disposition on the breach of contract claim.

Defendants brought their motion for summary disposition pursuant to MCR 2.116(C)(8), (10). For purposes of the breach of contract claim, in light of the parties' reliance on matters outside of the pleadings in arguing the motion, the trial court viewed the motion as one brought pursuant to MCR 2.116(C)(10). The party opposing a motion brought under MCR 2.116(C)(10) has the burden of showing that a genuine issue of disputed fact exists, *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988), lv gtd 434 Mich 911 (1990), and the disputed factual issue must be material to a dispositive legal claim, *Belmont v Forest Hills Public Schools,* 114 Mich App 692, 696; 319 NW2d 386 (1982). Giving the benefit of reasonable doubt to the nonmovant, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Dumas, supra.* All inferences are to be drawn in favor of the

nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987).

As a general rule, employment for an indefinite term is presumed to be terminable at the will of either party. *Bullock v Automobile Club of Michigan,* 432 Mich 472, 511; 444 NW2d 114 (1989); *Lynas v Maxwell Farms,* 279 Mich 684, 687; 273 NW 315 (1937). In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 600; 292 NW2d 880 (1980), the Supreme Court stated that the underlying rationale for this rule was that "[b]ecause the parties began with complete freedom, the court will presume that they intended to obligate themselves to a relationship at will." *Toussaint,* therefore, neither abrogated the employment-at-will presumption nor did it create new or special rights. Rather, it held that the right that arose out of a promise not to terminate except for cause was completely enforceable. *Valentine v General American Credit, Inc,* 420 Mich 256, 258; 362 NW2d 628 (1984). Such a contractual commitment arises from an oral or written express agreement or as a result of the legitimate expectation of an employee grounded in the employer's policy statements. *Toussaint, supra,* p 598.

We conclude that in the case at bar, plaintiff had neither an express agreement nor a legitimate objective expectation that he would be terminated for just cause only. Plaintiff's assertion that the invention assignment agreement which he signed converted his employment from being terminable at will to being terminable for just cause only is not persuasive. Only through the most tortured construction could the agreement in question be read as providing for just-cause termination only. We find no error in the trial court's conclusion in this regard.

Plaintiff also maintains that a legitimate objec-

tive expectation arose from his successful completion of a probationary period when first hired. We disagree. In *Toussaint,* the Supreme Court held that statements set forth in the employer's manual, applicable to all employees who successfully completed the probationary period, and not the mere fact a probationary period existed, is what gives rise to a contractual right to be terminated for just cause only. *Toussaint, supra,* p 614. Thus we conclude that the mere existence of a probationary period does not give rise to a legitimate objective expectation of discharge for just cause only.

Plaintiff's second claim is that the trial court erred in granting defendants' motion for summary disposition of his negligent evaluation claim. Plaintiff alleges that by evaluating him in a subjective and unfair manner, defendants breached their duty to exercise reasonable care in evaluating an employee.

The only Michigan court to recognize a negligent evaluation claim in the context of an employment contract was the panel in *Schipani v Ford Motor Co,* 102 Mich App 606, 623-624; 302 NW2d 307 (1981). Since its release, *Schipani* has been routinely rejected by other panels of this Court. See *Dahlman v Oakland University,* 172 Mich App 502, 506-507; 432 NW2d 304 (1988); *Sankar v Detroit Bd of Ed,* 160 Mich App 470; 409 NW2d 213 (1987); *Struble v Lacks Industries, Inc,* 157 Mich App 169, 176; 403 NW2d 71 (1986); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 667-668; 378 NW2d 558 (1985). Instead, these panels have adhered to the rule that a breach of an employment contract does not give rise to a tort claim where the breach of duty is indistinguishable from the breach of contract. See also *Grant v Michigan Osteopathic Medical Cen-*

*ter, Inc,* 172 Mich App 536; 432 NW2d 313 (1988); *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486; 430 NW2d 757 (1988); *Loftis v G T Products, Inc,* 167 Mich App 787; 423 NW2d 358 (1988). We believe this to be the correct statement of Michigan law and, in so holding, pointedly reject the holdings in *Schipani.*

In the case at bar, it is quite obvious that absent an employment contract, defendants would not have evaluated plaintiff. Thus, there could be no breach of duty to evaluate plaintiff distinct from the breach of contract and, the *Schipani* rule having been rejected, plaintiff cannot maintain an independent tort action for negligent evaluation. We affirm the trial court's grant of summary disposition of plaintiff's negligent evaluation claim.

Affirmed.