GRIFFEY v PRESTIGE STAMPING, INC

Docket No. 119465. Submitted April 10, 1991, at Detroit. Decided June 4, 1991, at 9:10 A.M.

Daniel Griffey brought a wrongful discharge action in the Macomb Circuit Court against Prestige Stamping, Inc., alleging that the termination of his employment was without just cause and was in retaliation for his filing a workers' compensation claim. The court, Raymond R. Cashen, J., granted summary disposition for the defendant, ruling that because interpretation of the parties' collective bargaining agreement would be required, it lacked jurisdiction of the subject matter by virtue of federal preemption under 29 USC 185(a). The court subsequently denied the plaintiff's motion for reconsideration, rejecting his argument that he had stated a claim for retaliatory discharge not preempted under federal law. The plaintiff appealed.

The Court of Appeals *held:*

MCL 418.301(11); MSA 17.237(301)(11), which prohibits the discharge of an employee in retaliation for the employee's claim for workers' compensation benefits, relates only to prior claims for such benefits, not to anticipated future claims.

Section 301(11) does not apply in this case because the plaintiff filed his workers' compensation claim after his employment had been terminated. Hence, the plaintiff has failed to state a cause of action upon which relief can be granted. The trial court reached the right result, although for the wrong reason.

Affirmed.

*Pianin & Paull, P.C.* (by *Diana Trivax*), for the plaintiff.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses* (by *Michael S. Leib* and *Ronald A. Sollish*), for the defendant.

Before: SULLIVAN, P.J., and GILLIS and REILLY, JJ.

Per Curiam. Plaintiff appeals as of right from the circuit court's order denying his motion for reconsideration of the court's order granting summary disposition on the basis that it lacked subject matter jurisdiction over his claim. MCR 2.116(C)(4). We affirm.

Plaintiff filed a seven-count complaint, essentially alleging that defendant fired him without just cause and in order to avoid paying workers' compensation benefits. Defendant moved to dismiss, arguing that whether plaintiff was discharged for just cause required interpretation of the parties' collective bargaining agreement and, therefore, plaintiff's claim was preempted by § 301(a) of the Labor Management Relations Act, 29 USC 185(a). *Swift v Ford Motor Co,* 637 F Supp 125 (ED Mich, 1986). The circuit court granted defendant's motion after determining that plaintiff had filed a grievance under the collective bargaining agreement which had been denied and from which plaintiff had not appealed.

Plaintiff filed a motion for reconsideration, claiming that the court improperly dismissed his suit because he stated a retaliatory discharge claim. The circuit court denied plaintiff's motion.

On appeal, plaintiff argues that his claim that he was discharged for filing a workers' compensation claim is not preempted. *Lingle v Norge Division of Magic Chef, Inc,* 486 US 399; 108 S Ct 1877; 100 L Ed 2d 410 (1988). Defendant would agree with plaintiff's statement of the law, but argues that plaintiff did not plead that he was discharged for filing a workers' compensation claim. Defendant notes that plaintiff filed his workers' compensation claim after he filed the instant complaint and that plaintiff eventually signed a waiver and release of that claim. Hence, defendant argues

that, at most, plaintiff's complaint could be read as alleging that plaintiff was fired in retaliation for his anticipated filing of a workers' compensation claim. Defendant notes that this Court has held that MCL 418.301(11); MSA 17.237(301)(11) prohibits discharging an employee because that employee filed a workers' compensation claim and that there is no public policy exception against discharging an employee for the anticipated filing of a future workers' compensation claim. *Wilson v Acacia Park Cemetery Ass'n,* 162 Mich App 638, 645-646; 413 NW2d 79 (1987). Consequently, defendant argues that even though the circuit court dismissed plaintiff's "retaliatory discharge" claim on the wrong basis, its decision should be affirmed as reaching the right result. *Warren v Howlett,* 148 Mich App 417, 426; 383 NW2d 636 (1986).

In *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), this Court held that discharging an at-will employee for having filed a workers' compensation claim would violate public policy. In his concurring opinion, Judge ALLEN interpreted Judge HOLBROOK's opinion as providing for no cause of action if the plaintiff was fired because of the equally plausible theory that the defendant was apprehensive that the plaintiff would aggravate or reinjure her back. *Id.* at 650, n 2.

In *Hrab v Hayes-Albion Corp,* 103 Mich App 90; 302 NW2d 606 (1981), the plaintiff alleged that he was fired in retaliation for filing a workers' compensation claim or to forestall his filing of such a claim. Noting *Sventko's* holding that it is contrary to public policy to discharge an employee for having filed a workers' compensation claim, the *Hrab* panel held that the allegations in the plaintiff's complaint were sufficient to state a cause of action. The opinion did not differentiate between the alternatives in the complaint, nor did it indicate

whether the plaintiff had actually filed a workers' compensation claim before filing his lawsuit.

In *Wilson, supra,* the plaintiff was injured and, later, fired. The plaintiff claimed that he was discharged because the defendant anticipated that he would file a workers' compensation claim. The *Wilson* panel ruled that MCL 418.301(11); MSA 17.237(301)(11) prohibited discharge in retaliation for having filed a workers' compensation claim, not for the anticipated filing of such a claim. The *Wilson* panel opined that Judge ALLEN's concurring opinion in *Sventko* was at odds with *Hrab.*[1] The *Wilson* panel then held that retaliatory discharge premised upon the employer's anticipation of a future claim does not state a cause of action. The *Wilson* panel refused to recognize any public policy exception for a discharge made in anticipation of a future claim.

To the extent *Hrab* and *Wilson* can be said to be in conflict, we hold that *Wilson* is better reasoned and, therefore, choose to follow it. See also *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737; 440 NW2d 101 (1989), consideration of certified conflict declined 433 Mich 873 (1989). Hence, we hold that plaintiff has failed to state a

---

[1] The *Wilson* panel stated:

In *Sventko, supra,* 649-650, n 2, Judge ALLEN, one of the two members of the panel comprising the majority, stated in a concurring opinion that if the plaintiff's termination was caused by the employer's apprehension of a future claim arising from reinjury to the employee, then the plaintiff has no cause of action. [162 Mich App 645.]

We note that Judge ALLEN did not specifically refer to a future claim for workers' compensation benefits, although that inference might be drawn from the language of his concurring opinion in which he stated:

Given the high cost of workmen's compensation insurance in Michigan and the high rate of reoccurrence of lumbar injuries, this [the employer's] alternate explanation of plaintiff's discharge is at least as plausible as the one alleged by the complaint. [69 Mich App 650.]

cause of action upon which relief can be granted. MCR 2.116(C)(8). Because the circuit court reached the right result, albeit for the wrong reason, we affirm. *Howlett, supra.*

Affirmed.