## DUNBAR v DEPARTMENT OF MENTAL HEALTH

Docket No. 128317. Submitted June 3, 1992, at Detroit. Decided November 17, 1992, at 9:25 A.M. Leave to appeal sought.

Charles Dunbar brought an action for damages in the Wayne Circuit Court against the Department of Mental Health, alleging that the department terminated his employment in violation of the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and that his discharge was in retaliation for his having sought workers' compensation benefits. The court, Helene N. White, J., transferred the retaliatory discharge claim to the Court of Claims. The actions were consolidated. A jury returned a verdict of no cause of action with respect to the civil rights claim, and the court entered judgment for the plaintiff with respect to the retaliatory discharge claim and awarded damages, including damages for mental anguish caused by the retaliatory discharge. The plaintiff appealed, contending that the Court of Claims lacked jurisdiction of the retaliatory discharge claim. The department cross appealed, arguing that damages for mental anguish cannot be awarded in an action for retaliatory discharge.

The Court of Appeals *held:*

1. MCL 600.6419(3); MSA 27A.6419(3) provides that the Court of Claims does not have jurisdiction of a claim for compensation under the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* In this case, however, the plaintiff's retaliatory discharge claim is not a claim for workers' compensation, but one for damages for wrongful discharge. It is therefore within the exclusive jurisdiction of the Court of Claims.

2. A claim of retaliatory discharge sounds in tort, not contract. Damages for mental anguish, which cannot be awarded in contract actions, may be awarded in tort actions.

Affirmed.

SAWYER, P.J., dissenting in part, stated that actions for

REFERENCES

Am Jur 2d, Wrongful Discharge §§ 220, 256.
See the ALR Index under Discharge From Employment or Office.

retaliatory discharge sound in contract and that damages for
mental anguish may not be awarded in such cases.·

1. MASTER AND SERVANT — WRONGFUL DISCHARGE — RETALIATORY
     DISCHARGE — COURT OF CLAIMS.
     An action seeking damages for wrongful discharge by the state,
     alleged to be in retaliation for the filing of a claim for workers'
     compensation benefits, is within the exclusive jurisdiction of
     the Court of Claims (MCL 600.6419[1][a]; MSA 27A.6419[1][a]).

2. MASTER AND SERVANT — WRONGFUL DISCHARGE — RETALIATORY
     DISCHARGE — DAMAGES — MENTAL ANGUISH.
     An action for wrongful discharge alleging retaliation for the filing
     of a claim for workers' compensation benefits, sounds in tort,
     not contract; damages for mental anguish may be awarded in
     such an action.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Leo H. Friedman,* Assistant Attorneys General, for the defendant.

Before: SAWYER, P.J., and MURPHY and L. P. BORRELLO,* JJ.

MURPHY, J. Plaintiff appeals, · and defendant cross appeals, from a judgment of the Court of Claims awarding damages on plaintiff's retaliatory discharge claim. We affirm.

Plaintiff was a registered nurse at the Northville Regional Psychiatric Hospital from April 1981 through February 1983. At two different times in July 1982, plaintiff injured his shoulder while separating patients who were fighting. After the second incident, plaintiff reported the injury to his supervisor and was sent to the hospital. On November 22, 1982, plaintiff was working at the

* Circuit judge, sitting on the Court of Appeals by assignment.

Northville hospital when he injured the same shoulder a third time. Once again, plaintiff's injury was a result of his efforts to subdue an unruly patient. On January 26, 1983, pursuant to the Northville hospital employment policies, the assistant director of personnel informed plaintiff that he had to furnish medical documents by February 2, 1983, in order to qualify for a leave of absence.

On February 2, 1983, plaintiff contacted the personnel department to inform it that the documents were forthcoming. In addition, plaintiff's doctor contacted the personnel office on February 3, 1983, to inform it that the documents had been prepared. On February 16, 1983, defendant had still not received the documents and therefore discharged plaintiff for vacating his position without notice. On February 23, 1983, the Northville hospital received the documents from plaintiff's physician, but failed to reinstate plaintiff.

On May 17, 1984, plaintiff filed suit in the Wayne Circuit Court, alleging a violation of the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 et seq.; MSA 3.550(101) et seq. Pursuant to defendant's motion for summary disposition under MCR 2.116(C)(8) and (10), Wayne Circuit Judge Helene White dismissed the claim. Plaintiff filed an amended complaint, alleging that defendant violated the HCRA and also that defendant discharged him in retaliation for his request for benefits under the Workers' Disability Compensation Act. See MCL 418.301(11); MSA 17.237(301) (11). Defendant then moved for summary disposition of both counts of plaintiff's amended complaint.

On May 8, 1987, the circuit court again dismissed plaintiff's claim of violation of the HCRA for failure to state a claim, although it allowed plaintiff to move for reconsideration of this ruling.

Judge White transferred the retaliatory discharge claim to the Court of Claims because she determined that the circuit court could not exercise jurisdiction over the claim. On May 19, 1987, plaintiff filed a motion for reconsideration of the circuit court's summary dismissal of his claim of violation of the HCRA. The motion was granted and the claim was reinstated in the circuit court. The HCRA and retaliatory discharge claims were consolidated, and Judge White sat as judge in both the circuit court and the Court of Claims.

Thereafter, defendant moved to strike plaintiff's demand for a jury trial, alleging that plaintiff was not entitled to a jury with regard to the retaliatory discharge claim because it was in the Court of Claims. See MCL 600.6443; MSA 27A.6443. Judge White reserved ruling on the motion to strike the jury demand and empaneled a jury. On December 11, 1987, the jury returned a verdict of no cause of action with respect to the HCRA claim. However, the jury awarded plaintiff $477,000 in damages with respect to the retaliatory discharge claim.

Following numerous posttrial motions by both parties, Judge White issued her first opinion and order on October 11, 1989, which incorporated her findings with respect to jurisdiction and plaintiff's right to a jury, and also included her findings of fact and conclusions of law. The judge concluded that plaintiff was not entitled to a jury in regard to the retaliatory discharge claim because it was a claim for damages against the state. She also concluded that defendant's termination of plaintiff was in retaliation for his having filed a petition for workers' compensation benefits and awarded plaintiff $30,000 in mental anguish damages. Finally, she agreed with the jury that plaintiff failed to state a claim under the HCRA.

On February 13, 1990, the judge issued a supple-

mental opinion and order increasing plaintiff's damages to $37,500. The damages represented $30,000 for plaintiff's mental anguish with respect to the wrongful discharge, $5,000 for plaintiff's mental anguish associated with his loss of fringe benefits, and $2,500 to compensate plaintiff for supplemental pay he would have received had he not been terminated.

On appeal, plaintiff argues that the Court of Claims lacked subject-matter jurisdiction to decide his claim for retaliatory discharge because the Court of Claims Act expressly prevents it from exercising jurisdiction over claims for compensation under the WDCA. We disagree.

The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit. *Lim v Dep't of Transportation,* 167 Mich App 751, 753; 423 NW2d 343 (1988). According to the provisions of the Court of Claims Act, MCL 600.6401 *et seq.*; MSA 27A.6401 *et seq.*, the Court of Claims has exclusive jurisdiction over claims for damages against the state, whether those claims are ex contractu or ex delicto. See MCL 600.6419(1)(a); MSA 27A.6419(1)(a); *Kell v Johnson,* 186 Mich App 562, 564; 465 NW2d 26 (1990). Unless there are contradictory legislative enactments that expressly divest the Court of Claims of jurisdiction over an action against the state or a department thereof, the Court of Claims is the appropriate forum to litigate the dispute.

Plaintiff argues that the trial court clearly erred because it ignored MCL 600.6419(3)(a); MSA 27A.6419(3)(a). However, this section of the act does not divest the Court of Claims of subject-matter jurisdiction over this claim. MCL 600.6419(3); MSA 27A.6419(3) states as follows:

The court of claims shall not have jurisdiction of

*any claim for compensation* under the provisions
of either of the following:

(a) The worker's disability compensation act of
1969, Act No. 317 of the Public Acts of 1969, being
sections 418.101 to 418.941 of the Michigan Com-
piled Laws.

The question is whether an employee who is termi-
nated in retaliation for filing a claim for benefits
under the wdca states a claim for "compensation"
within the meaning of the wdca. We conclude that
the claim is not one for "compensation" under the
wdca.

In general terms, a wrongful discharge claim
against the State of Michigan must be filed in the
Court of Claims. *Doster v Dep't of Mental Health,*
161 Mich App 436, 442; 411 NW2d 725 (1987). This
Court has recognized that an employee's claim of
discharge in retaliation for the filing of a petition
for benefits under the wdca is a type of wrongful
discharge. *Sventko v Kroger Co,* 69 Mich App 644;
245 NW2d 151 (1976). In this case, plaintiff's claim
that he was discharged in retaliation for his re-
quest for benefits under the wdca is, therefore, a
type of wrongful discharge.

Unfortunately, the Legislature has not shed any
light on this issue because it did not define "com-
pensation" within the wdca. However, the pri-
mary goal of workers' compensation legislation is
to promptly deliver benefits to employees injured
in the scope of their employment. *Thompson v
Ford Motor Co,* 139 Mich App 177, 182; 362 NW2d
240 (1984). Pursuant to MCL 418.301(1); MSA
17.237(301)(1), an employee who suffers a personal
injury arising out of and in the course of employ-
ment is entitled to compensation under the act.
Therefore, plaintiff's retaliatory discharge claim is
not a request for "compensation" for personal

injury under the WDCA but, instead, is a request for damages for wrongful discharge.

This Court recognized a claim for retaliatory discharge in connection with the act even before the Legislature codified the claim under MCL 418.301(11); MSA 17.237(301)(11). See *Hrab v Hayes-Albion Corp,* 103 Mich App 90, 94; 302 NW2d 606 (1981); *Sventko, supra.* In addition, this Court recently concluded that the WDCA does not give the Bureau of Workers' Disability Compensation jurisdiction to hear a claim for retaliatory discharge under MCL 418.301(11); MSA 17.237(301)(11). *Delke v Scheuren,* 185 Mich App 326, 331-332; 460 NW2d 324 (1990). Under the jurisdictional provisions of the WDCA, the bureau has jurisdiction to hear any dispute or controversy concerning *compensation.* See MCL 418.841; MSA 17.237(841). Inasmuch as the jurisdictional provisions provide the bureau with the authority to hear any disputes concerning compensation, it is significant that this Court has excluded the pure retaliatory discharge claim from this jurisdictional provision.[1]

We believe that the Legislature's intent in adopting the section of the Court of Claims Act that precludes the Court of Claims from exercising jurisdiction over claims for compensation under the WDCA (MCL 600.6419[3][a]; MSA 27A.6419[3][a]) was to prevent a conflict of jurisdictional authority between the Court of Claims and the administrative bodies created to carry out the provisions of the WDCA. The Legislature wanted to make it clear that the bureau was not divested of jurisdiction to hear claims for compensation under the WDCA

---

[1] In fact, we opined that the bureau would be ill-equipped to handle pure retaliatory discharge claims because its expertise was limited to compensating employees for personal injuries suffered in the course of employment. See *Delke, supra,* 332.

when the claims are brought against the state or an entity thereof. Thus, any claims for "compensation" for injuries sustained in the course of employment with a state agency are properly before the bureau and not the Court of Claims.

Defendant argues in its cross appeal that the Court of Claims' award of $35,000 for mental anguish damages was inappropriate.[2] As a general rule, employment relationships that are for an indefinite period of time are terminable at will. *Kostello v Rockwell Int'l Corp,* 189 Mich App 241, 244; 472 NW2d 71 (1991). However, this Court and the Legislature have developed exceptions to this general principle when the reason for termination is contrary to public policy. See MCL 418.301(11); MSA 17.237(301)(11); *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 695, n 2; 316 NW2d 710 (1982); *Griffey v Prestige Stamping, Inc,* 189 Mich App 665, 667; 473 NW2d 790 (1991). Wrongful termination in retaliation for filing a petition for benefits under the WDCA has been recognized as an exception. See *Sventko, supra.* The question we must therefore determine in the present case is whether plaintiff's claim for retaliatory discharge sounds in tort or contract. If it sounds in contract, plaintiff is not entitled to his award of $35,000 for mental anguish because damages for mental anguish are not recoverable in contract actions. *Valentine v General American Credit, Inc,* 420 Mich 256, 259; 362 NW2d 628 (1984). Plaintiff's damage award would then have to be reduced to $2,500 to compensate him only for his loss of supplemental pay. On the other hand, if it sounds in tort, plaintiff is entitled to the award

[2] In addition, defendant argues that the Court of Claims erred as a matter of law in awarding plaintiff damages for retaliatory discharge. We decline to address this issue because defendants neglect to challenge the findings of fact and conclusions of law made in the Court of Claims.

of $35,000 for mental anguish and $2,500 for his loss of supplemental pay, which flowed from his wrongful discharge.

In *Goins v Ford Motor Co,* 131 Mich App 185, 198; 347 NW2d 184 (1983), a panel of this Court held that an action for wrongful discharge where discharge was in retaliation for having filed a workers' compensation claim sounds in tort, not contract. In making its decision, the panel in *Goins* relied upon *Sventko, supra,* where a panel of this Court held that it is against public policy for an employer to discharge an employee in retaliation for the employee's filing of a workers' compensation claim against the employer.

In the more recent cases of *Mourad v Auto Club Ins Ass'n,* 186 Mich App 715, 727; 465 NW2d 395 (1991), *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486, 491; 430 NW2d 757 (1988), and *Watassek v Dep't of Mental Health,* 143 Mich App 556, 564-565; 372 NW2d 617 (1985), however, this Court held that an action claiming retaliatory discharge is an action asserting a specific type of wrongful discharge and thus constitutes a contract action. With regard to *Lopus, Watassek,* and *Mourad,* we first note that they are factually distinguishable from the case at bar. In *Lopus,* the plaintiff was allegedly fired because the defendant suspected that she would file a workers' compensation claim against the defendant. However, the plaintiff in the present case, like the plaintiff in *Goins* and unlike the plaintiff in *Lopus,* had actually filed a workers' compensation claim at the time of his discharge. In *Watassek,* no claim regarding workers' compensation was ever raised. Rather, the plaintiff was allegedly fired in retaliation for attempting to stop abusive treatment of patients at a mental health center. Likewise in *Mourad,* no claim regarding workers' compensation was ever

raised because the plaintiff claimed he was fired under a theory of retaliatory demotion. Second, we believe that *Lopus,* which is the only case of the three to deal with workers' compensation, was wrongly decided. We agree with *Goins* that an action for wrongful discharge from employment in retaliation for having filed a workers' compensation claim sounds in tort, not contract. *Goins, supra,* 198. See also *Pratt v Brown Machine Co,* 855 F2d 1225 (CA 6, 1988); *Wiskotoni v Michigan Nat'l Bank-West,* 716 F2d 378 (CA 6, 1983). A claim for retaliatory discharge under the WDCA is statutorily provided, MCL 418.301(11); MSA 17.237(301)(11). Thus, a statutory duty is created on the part of the employer not to discharge an employee in retaliation for the employee's filing of a workers' compensation claim. A breach of this statutory duty by an employer sounds in tort, not contract.

We are cognizant of decisions by this Court holding that a plaintiff cannot recover under both a breach of contract claim and a retaliatory discharge claim where the breach of duty is indistinguishable from the breach of contract. *Kostello, supra,* 245; *Mourad, supra.* In the present case, however, plaintiff did not plead a wrongful discharge resulting from a breach of contract. Rather, plaintiff only pleaded that he was discharged in retaliation for having filed a workers' compensation claim against defendant. Plaintiff was thus seeking to recover only under a tort theory.

Because plaintiff's claim for retaliatory discharge sounds in tort, he is entitled to the damages awarded for mental distress and his loss of supplemental pay, which flowed from his improper discharge. The case was appropriately resolved in the Court of Claims.

Affirmed.

L. P. BORRELLO, J., concurred.

SAWYER, P.J. *(concurring in part and dissenting in part).* While I agree with the majority's analysis of the issue of the jurisdiction of the Court of Claims, I respectfully dissent from the holding that a retaliatory discharge claim sounds in tort and, therefore, mental anguish damages are appropriate. I would hold that a retaliatory discharge claim sounds in contract and, therefore, damages may not be recovered for mental anguish. *Valentine v General American Credit, Inc,* 420 Mich 256, 259; 362 NW2d 628 (1984).

The majority relies upon *Goins v Ford Motor Co,* 131 Mich App 185; 347 NW2d 184 (1983), for the proposition that a retaliatory discharge claim sounds in tort. *Goins* does, in fact, state that a "wrongful discharge cause is one sounding in tort, not contract." *Id.* at 198. In support of that proposition, *Goins* looked to *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976). However, a careful reading of *Sventko* reveals that it does not stand for the proposition that a wrongful discharge claim sounds in tort rather than contract. Rather, *Sventko* merely stands for the proposition that there exists a cause of action for retaliatory discharge for filing a workers' compensation claim. Nowhere in either the lead opinion or the concurring opinion does the Court state whether that cause of action sounds in tort or contract.[1]

While the holding in *Goins* is at best suspect, there does exist firm precedent for the proposition that a claim of wrongful discharge sounds in contract, not tort. In *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486; 430 NW2d 757 (1988), the plaintiff sued her former employer, alleging retaliatory discharge in that her employment was ter-

[1] The dissent argued that the cause of action does not even exist.

minated in anticipation of her filing a workers' compensation claim. This Court, relying on *Watassek v Dep't of Mental Health,* 143 Mich App 556; 372 NW2d 617 (1985), concluded that an action for wrongful discharge in retaliation for having filed a workers' compensation claim sounds in contract, not tort.[2]

Similarly, in *Mourad v Auto Club Ins Ass'n,* 186 Mich App 715; 465 NW2d 395 (1991), a case involving an alleged "retaliatory demotion," this Court again held that retaliatory discharge claims sound in contract, not tort. *Id.* at 727, citing *Lopus, supra,* and *Watassek, supra.* I note that the majority does not address the fact that the conclusion in *Mourad* that retaliatory discharge is a variety of wrongful discharge and, therefore, sounds in contract represents a rule of law that must be followed under Administrative Order No. 1990-6, 436 Mich lxxxiv.

In the earlier case of *Watassek,* this Court considered the question whether the plaintiff's claim for retaliatory discharge was precluded by the doctrine of governmental immunity.[3] This Court rejected the argument that the plaintiff's claim was barred by governmental immunity because a retaliatory discharge claim sounds in contract, not tort: .

As the Supreme Court discussed in *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), *reh den* 409 Mich 1101 (1980), *cf., Valentine v General American Credit, Inc,* 420 Mich 256; 362 NW2d 628 (1984), an action

---

[2] It should be noted that more recent cases have held that there is no cause of action for discharge in *anticipation* of filing a workers' compensation claim. See, e.g., *Griffey v Prestige Stamping, Inc,* 189 Mich App 665; 473 NW2d 790 (1991).

[3] It is interesting to note that the majority, while calling the claim in this case a tort, does not address the ramifications of that holding with respect to the doctrine of governmental immunity.

for wrongful discharge is one mainly *ex contractu.* An action claiming retaliatory discharge is an action asserting a specific type of wrongful discharge and thus constitutes a contract action. Although we are mindful of the case of *Goins v Ford Motor Co,* 131 Mich App 185, 198; 347 NW2d 184 (1983), *lv gtd* 422 Mich 857 (1985), wherein this Court ruled that an action for retaliatory discharge was one in tort, we can find no rational basis to label one wrongful discharge a contract and the other a tort. Moreover, we find that the *Goins* panel's reliance on *Sventko, supra,* is misplaced; that case did not in fact determine that the action was one in tort. Although the *Goins* panel also relied on *Scott v Union Tank Car Co,* 75 Ind App 150; 402 NE2d 992 (1980), a case in which the Indiana Appeals court ruled, on facts similar to those in *Sventko,* that the claim sounded in tort, we note with approval the lengthy dissent which reasons that the claim is better characterized as one in contract. Finally the *Trombetta* [*v Detroit, T & I R Co,* 81 Mich App 489; 265 NW2d 385 (1978)] and *Sventko, supra,* cases consider the issue of wrongful discharge in terms of an employment contract and not as a tort. [*Watassek, supra* at 564-565.]

Thus, there is sound precedent from both this Court and the Supreme Court holding that a wrongful discharge claim sounds in contract and that retaliatory discharge is a variety of wrongful discharge. Therefore, the inescapable conclusion is that retaliatory discharge claims also sound in contract, not tort.[4]

---

[4] As for the majority's theory that the statute, MCL 418.301(11); MSA 17.237(301)(11), imposes a duty on an employer not to engage in retaliatory discharge, and a breach of that duty sounds in tort, I am unpersuaded. First, "breach of duty" is a negligence concept and one intentionally, not negligently, terminates employment. Therefore, such termination would constitute an ultra vires act by a supervisor for which defendant would not be responsible. Second, the statute does not actually create a cause of action or set forth a remedy. It merely prohibits an employer from engaging in retaliatory discharge,

For the above reasons, I would hold that a claim for retaliatory discharge for·filing a workers' compensation claim sounds in contract, not tort, and, therefore, plaintiff is not entitled to damages for mental anguish. *Valentine, supra.* Accordingly, I would reverse that portion of the judgment ($30,000) that reflects an award for mental anguish.

without indicating whether the appropriate remedy is an award of back pay, injunctive relief to reinstate the employee to his position, or the establishment of a claim in tort or contract. At best, the statute merely represents a codification of the rule set forth in *Sventko.* As discussed above, the stronger line of reasoning has established that retaliatory discharge is an action sounding in contract. There is certainly nothing in the statute that indicates an·intent by the Legislature in codifying *Sventko* to transform a contract action into a tort action. As with the *Watassek* panel, I see no rational basis for classifying some forms of retaliatory discharge as torts, while classifying others as breaches of contract.