PHILLIPS V BUTTERBALL FARMS COMPANY, INC (ON SECOND
REMAND)

Docket No. 165049. Submitted June 4, 1993, at Lansing. Decided
October 4, 1993, at 9:30 A.M. Leave to appeal sought.

Teresa Phillips brought an action in the Kent Circuit Court
against Butterball Farms Company, Inc., alleging that she had
been discharged from her employment with the defendant in
retaliation for exercising her rights under the Workers' Disabil-
ity Compensation Act. The plaintiff sought not only lost income
but also damages for mental and emotional distress and an-
guish. The trial court, Robert A. Benson, J., dismissed the claim
for damages for mental and emotional distress, finding that the
plaintiff's claim sounded in contract rather than tort, and
dismissed a breach of contract claim, finding that the plaintiff
was an at-will employee. Thereafter, the court, George S. Buth,
J., approved a jury instruction proposed by the defendant that
would have limited the plaintiff to nominal damages. The
plaintiff appealed by leave granted. The Court of Appeals,
MAHER, P.J., and SULLIVAN and REILLY, JJ., affirmed, basing
the determination in part on the plaintiff's failure to request a
transcript of one of the hearings. Unpublished opinion per
curiam, decided February 21, 1991 (Docket No. 118024). The
Supreme Court, in lieu of granting leave to appeal, remanded
for consideration on the merits. 439 Mich 895 (1991). On
remand, the Court of Appeals, SULLIVAN, P.J., and REILLY and
JANSEN, JJ., again affirmed. Unpublished opinion per curiam,
decided May 14, 1992 (Docket No. 147051). The Supreme Court,
in lieu of granting leave to appeal, vacated the judgment of the
Court of Appeals and remanded for reconsideration in light of
*Dunbar v Dep't of Mental Health,* 197 Mich App 1 (1992). 442
Mich 909 (1993).

On second remand, the Court of Appeals *held:*

1. The *Dunbar* holding that an action brought under the

REFERENCES

Am Jur 2d, Damages §§ 251-259; Master and Servant §§ 60-63;
Wrongful Discharge §§ 25-29.

Recovery for discharge from employment in retaliation for filing
workers' compensation claim. 32 ALR4th 1221.

retaliatory discharge provision of the Workers' Disability Compensation Act sounds in tort rather than contract and that damages for mental distress and anguish may be awarded is binding precedent and must be followed. Accordingly, it was error for the trial court to limit the plaintiff's damages to nominal damages for lost wages.

2. Because the plaintiff was an at-will employee, damages for mental distress and anguish are limited to only those damages attributable to the distress resulting from the retaliatory nature of the discharge and not from the distress of her subsequent unemployment, because she could have had no reasonable expectation of continued employment. The fact that the result may be only nominal damages that might do little to deter retaliatory discharges is a problem that must be addressed by the Legislature.

Reversed and remanded.

1. MASTER AND SERVANT — WRONGFUL DISCHARGE — RETALIATORY DISCHARGE — DAMAGES — MENTAL ANGUISH.

An action for wrongful discharge alleging retaliation for the filing of a claim for workers' compensation benefits sounds in tort, not contract; damages for mental anguish may be awarded in such an action.

2. MASTER AND SERVANT — AT-WILL EMPLOYMENT — RETALIATORY DISCHARGE — DAMAGES — MENTAL ANGUISH.

Intrinsic in the concept of an at-will employment contract is the mutual understanding between employer and employee that neither party to the agreement has an expectation of continued employment; consequently, damages for mental or emotional distress in an action alleging discharge in retaliation for the filing of a claim of workers' compensation benefits are limited to those damages that arise solely from the retaliatory nature of the discharge.

*Williams, Klukowski, Drew & Fotieo* (by *Stephen R. Drew*), for the plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *Craig H. Lubben* and *Nancy S. Rubino*), for the defendant.

ON SECOND REMAND

Before: McDONALD, P.J., and REILLY and JANSEN, JJ.

Reilly, J. This case has been remanded again, this time for reconsideration in light of *Dunbar v Dep't of Mental Health,* 197 Mich App 1; 495 NW2d 152 (1992), a case decided after our last opinion was released.[1] Our previous opinions in this matter have been vacated and, therefore, we are bound by Administrative Order No. 1990-6, as extended, to follow *Dunbar.* Accordingly, we reverse.

I

In our original opinion on remand, we considered whether the trial court properly dismissed plaintiff's claim for damages for mental anguish, anxiety, humiliation, and pain and suffering arising out of her alleged retaliatory discharge for exercising her rights under the workers' compensation statute. Unpublished opinion per curiam of the Court of Appeals, decided May 14, 1992 (Docket No. 147501). We noted that a conflict among panels of this Court with regard to the recovery of exemplary damages in retaliatory discharge actions had been resolved in *Mourad v Automobile Club Ins Ass'n,* 186 Mich App 715, 728; 465 NW2d 395 (1991). In *Mourad,* this Court, following *Watassek v Dep't of Mental Health,* 143 Mich App 556; 372 NW2d 617 (1985), and *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486; 430 NW2d 757 (1988), determined that an action for retaliatory discharge is an action asserting a specific type of wrongful discharge and is, therefore, a contract action. Accordingly, a plaintiff in a retaliatory discharge case is not entitled to recover exemplary damages. *Mourad, supra* at 728.

In *Dunbar,* a panel of this Court held that an

[1] *Phillips v Butterball Farms Company, Inc,* 442 Mich 909 (1993).

action for retaliatory discharge for filing a workers' compensation claim sounds in tort, not in contract. The majority acknowledged that a retaliatory discharge is a type of wrongful discharge. *Dunbar, supra,* at 6. However, the majority distinguished *Mourad* (retaliatory demotion for failing to follow company's unethical practice), *Watassek* (retaliatory discharge for interference with treatment of patients), and *Lopus* (retaliatory discharge in anticipation of plaintiff's filing a workers' compensation claim) and held that the allegedly wrongful conduct was a breach of the statutory duty not to discharge an employee in retaliation for filing a workers' compensation claim and, therefore, sounds in tort. *Id.* at 10; MCL 418.301(11); MSA 17.237(301)(11).[2]

This case is factually on point with *Dunbar,* because plaintiff in this case also alleges that she was discharged from her employment in retaliation for exercising her rights under the Workers' Disability Compensation Act, in violation of § 301(11) of the statute.[3] Therefore, we believe that we are bound to follow *Dunbar.* However, we do so reluctantly because we do not believe that the *Dunbar* majority sufficiently justified its departure from the rule of law stated in *Mourad.*

The cause of action for retaliatory discharge in contravention of the public policy indicated in the

---

[2]

A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under the act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

[3] In this case, the plaintiff was a ninety-day probationary employee, whose employment was terminable at will. In *Dunbar,* the plaintiff was a registered nurse employed by the Michigan Department of Mental Health at the Northville Regional Psychiatric Hospital for approximately two years.

Workers' Disability Compensation Act was judicially established in *Sventko v Kroger,* 69 Mich App 644, 647; 245 NW2d 151 (1976), as an exception to the doctrine of at-will employment. However, *Sventko* failed to define the nature of the action, i.e., contract or tort, and failed to provide a remedy. Subsequently, in 1981, the Legislature codified that public policy and enacted a prohibition against the discharge of an employee for filing a claim for workers' compensation benefits. 1981 PA 200, § 301(11), MCL 418.301(11); MSA 17.237(301)(11). However, the legislation failed to codify the judicially created cause of action, define its nature, or provide any penalty or remedy for the violation of the public policy. Later decisions of this Court, which dealt with the nature of retaliatory discharge actions in other factual contexts, were in conflict concerning · whether the cause of action was one sounding in tort or contract. We believe that conflict was appropriately resolved in *Mourad.*

Nevertheless, the majority in *Dunbar* has concluded that the cause of action in that case sounded in tort because the employer allegedly violated a duty imposed by § 301(11) of the Workers' Disability Compensation Act. However, we emphasize, as did the dissent in *Dunbar,* that § 301(11) does not create a cause of action or set forth a remedy. Compare the Civil Rights Act, MCL 37.2701; MSA 3.548(701) and MCL 37.2801; MSA 3.548(801) and the Handicappers' Civil Rights Act, MCL 37.1602; MSA 3.550(602) and MCL 37.1606; MSA 3.550(606). Rather, the statute is merely a codification of the judicially recognized public policy against retaliatory discharge in the specific situation where an employee files a workers' compensation claim. *Dunbar, supra* at 14-15, n 4; see also *Suchodolski v Michigan Consolidated*

*Gas Co,* 412 Mich 692, 695; 316 NW2d 710 (1982); *Sventko, supra.*

Furthermore, the *Dunbar* majority has presented no rationale for distinguishing between retaliatory discharge for filing a workers' compensation claim and other types of retaliatory discharge that are equally offensive to public policy. The mere fact that the Workers' Disability Compensation Act has codified the public policy against retaliatory discharge for filing a workers' compensation claim is not a sufficient basis for ignoring the underlying basis for the cause of action, i.e., that some grounds for discharge are so contrary to public policy as to give rise to an action for wrongful discharge, even though the employer-employee relationship is "at will." *Sventko, supra.* The action is based on the breach of an implied provision that the employer will not discharge an employee for a reason that is contrary to public policy. See *Brockmeyer v Dunn & Bradstreet,* 131 Wis 2d 561; 335 NW2d 834 (1983); *Sterling Drugs, Inc v Oxford,* 294 Ark 239; 743 SW2d 380 (1988). The cause of action for wrongful discharge exists even where there is no explicit legislative statement prohibiting such a discharge. See *Mourad, supra, Suchodolski, supra,* and *Sventko, supra.* See also *Trombetta v Detroit, T & I R Co,* 81 Mich App 489, 496; 265 NW2d 385 (1978) (employee discharged for refusing to violate a law). The majority in *Dunbar* acknowledged that a retaliatory discharge is a type of wrongful discharge, but did not explain how the explicit statutory codification of a public policy against retaliatory discharge in workers' compensation cases transforms such activity into a tort action while other types of retaliatory discharge apparently give rise to contract actions.

We recognize that the majority's conclusion in

*Dunbar* that a claim of discharge in retaliation for filing a workers' compensation claim sounds in tort is consistent with recent rulings of several other state courts. 32 ALR4th 1221, § 4, pp 1231-1238. However, we remain convinced that plaintiff's claim for retaliatory discharge is one sounding in contract.

The rights and obligations of employers and employees under the Workers' Disability Compensation Act arise out of and are incidental to the contract of employment and, therefore, are contractual in nature. *Boshaw v J J Newberry Co,* 259 Mich 333, 341; 243 NW 46 (1932), overruled on other grounds *Halfacre v Paragon Bridge & Steel Co,* 368 Mich 366, 376; 118 NW2d 455 (1962); *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 211; 180 NW2d 798 (1970); *Lee v J H Lee & Son,* 72 Mich App 257, 265; 249 NW2d 380 (1976). Furthermore, the liability imposed upon employers for their employees' work-related injuries is not based on tort theory. Rather, employees who receive an injury "arising out of and in the course of employment" are entitled to benefits without regard to whether the employer was negligent or at fault. See MCL 418.301(1); MSA 17.237(301)(1).

In spite of that, because we are bound to follow *Dunbar,* we are compelled to conclude that plaintiff's cause of action sounds in tort, and, therefore, plaintiff may claim all the damages allowed for that cause of action, including damages for mental or emotional distress. In view of our holding, the trial court's ruling accepting defendant's proposed instruction limiting plaintiff's damages solely to nominal damages for lost wages, was error.

Intrinsic in the concept of an at-will employment contract is the mutual understanding between employer and employee that neither party to the agreement has an expectation of continued

employment. Consequently, an "at-will" employee who seeks to enforce an action for retaliatory discharge, whether the action sounds in tort or contract, will be limited in the damages that can be obtained. Having ruled that the plaintiff's action is to be treated as one sounding in tort, the measure of damages for her mental or emotional distress necessarily will be confined to proof of distress arising solely from the retaliatory nature of the discharge, because an at-will employee has no reasonable expectation of being continued in employment. Similarly, whether the action be in tort or contract, damages for lost wages will be nominal because an at-will employee cannot show a reasonable expectation of continued employment. *Sepanske v Bendix Corp,* 147 Mich App 819; 384 NW2d 54 (1985).

We realize that at-will employees may only be able to recover minimal damages for their mental and emotional distress, and nominal damages for lost wages in an action sounding in tort. Nonetheless, while we do not condone acts of retaliatory discharge, we should not disregard basic concepts of the common law in order to deter retaliatory discharges. We should not judicially convert "at-will" employment contracts into "just cause" contracts for the purpose of deterring such conduct. Any other remedy for the at-will employee, or penalty against the employer, must be provided by the Legislature.

Accordingly, we reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.